UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT WALKER,**

    **Plaintiff,**

  v.

**NAUTILUS, INC.,**

    **Defendant.**

Case No. 2:20-cv-3414
Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER

The matter before the Court is Plaintiff Robert Walker's ("Plaintiff") Motion to Strike or Disregard Portions of Defendant's Reply, or in the Alternative to Allow Limited Discovery and a Sur-Reply. (ECF No. 17). Defendant Nautilus, Inc., ("Defendant") responded, (ECF No. 18), to which Plaintiff replied. (ECF No. 20). This motion follows Defendant's Reply in Support of Defendant's Motion to Compel Arbitration. (Def. Reply, ECF No. ECF No. 15; Mot. to Compel Arb., ECF No. 13). As explained in more detail below, Plaintiff's Motion to Strike or Disregard Portions of Defendant's Reply, or in the Alternative to Allow Limited Discovery and a Sur-Reply, (ECF No. 17), is **DENIED in part** and **GRANTED in part**.

**I.**

Plaintiff filed a Complaint against Defendant on July 7, 2020, on behalf of himself and a proposed class, alleging breach of express and implied warranties, (ECF No. 1 at PageID #25, 27, 29, 31, 32), violation of the Ohio Consumer Sales Practices Act (*Id.* at PageID #33), and Negligent Misrepresentation. (*Id.* at PageID #37). Plaintiff alleges that the treadmill he purchased from Defendant does not reach the continuous horsepower advertised. (*Id.* at ¶19, PageID #5–6). On September 29, 2020, Defendant filed a Motion to Compel Arbitration. (ECF No. 13).

1

Defendant initially moved to compel arbitration arguing that Plaintiff agreed to arbitrate his claims when he purchased his Bowflex treadmill online from Defendant's Website. (Mot. to Compel Arb., ECF No. 13 at PageID #83). Plaintiff responded that he did not accept the website's terms of use (which contain the arbitration provision) when he purchased the treadmill, asserting that they were inconspicuous. (ECF No. 14 at PageID #105). Defendant then replied that Plaintiff actually accepted the arbitration agreement both by purchasing the treadmill on its website and also by clicking "accept" to the terms of use when he downloaded and created a profile on Defendant's "Max Intelligence" App. (ECF No. 15 at PageID #154–55). This was the first the App was ever mentioned. Defendant's new argument is based on information which Defendant apparently learned after filing its motion to compel arbitration. (ECF No. 18 at PageID #203, n.2).

Plaintiff now moves this Court to strike Defendant's Reply, or alternatively to allow limited discovery and a sur-reply. (ECF No. 17). Defendant responds that its Reply should not be stricken, and that no discovery should be granted, but that it does not oppose a sur-reply if it can file a sur-sur-reply. (ECF No. 18 at PageID #201–02).

**II.**

This Court has the inherent authority to control its docket, which includes the authority to strike documents or portions of documents. *See Cincinnati Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 377 F. Supp. 3d 859, 864 (S.D. Ohio 2019). This Court also has the authority to grant the parties leave to file additional memoranda for good cause shown, pursuant to S.D. Ohio Civ. Rule 7.2. Good cause exists where, for example, the reply brief raises new grounds that were not included in the movant's initial motion. *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019) (citations omitted).

### III.

Having reviewed the briefings, and finding good cause to modify in part the briefing schedule, the Court concludes that the appropriate course is as follows. The Court will not strike any portions of Defendant's Reply, but will allow limited discovery on the first and fifth questions Plaintiff raises for limited discovery in his Motion. (ECF No. 17 at PageID #197). Specifically, within **FOURTEEN (14) DAYS** of the issuance of this order, Defendant shall provide Plaintiff with the date on which Plaintiff allegedly clicked the "accept" button on the app, as well as copies of the Terms of Use in effect on both the date of Plaintiff's treadmill purchase and later purchase of the app. After that time has passed and Defendant has provided said information, Plaintiff will have **FOURTEEN (14) DAYS** to file a sur-reply, after which Defendant will have **SEVEN (7) DAYS** to file a sur-sur-reply.

Accordingly, Plaintiff's Motion to Strike or Disregard Portions of Defendant's Reply, or in the Alternative to Allow Limited Discovery and a Sur-Reply, (ECF No. 17), is **DENIED in part** and **GRANTED in part**.

**IT IS SO ORDERED.**

**12/13/2020**  
**DATE**

**s/Edmund A. Sargus, Jr.**  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**