# EXHIBIT
# 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT WALKER, on behalf of himself and all others similarly situated,** | : : : : | **Case No. 2:20-cv-3414** |
| Plaintiff, | : : | **Judge Edmund A. Sargus Jr.** |
| v. | : : | **Magistrate Judge Elizabeth A. Preston Deavers** |
| **NAUTILUS, INC.,** | : : | |
| Defendant. | : | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement (the "Agreement") is made and entered effective November 5, 2021, by and among, Robert Walker ("Plaintiff" and proposed "Class Representative"), on behalf of himself and the Settlement Class and Nautilus, Inc. ("Nautilus" or "Defendant"). Plaintiff and Defendant are referred to collectively as the "Parties" or the "Settling Parties," and each individually as a "Party."

This Agreement is intended to fully and finally resolve and settle the case captioned *Robert Walker v. Nautilus, Inc.*, Civil Action No. 2:20-cv-3414, currently on appeal from the United States District Court for the Southern District of Ohio, Eastern Division (the "Lawsuit"). In this Agreement, any capitalized term not immediately defined is defined in Section III below.

**I.      THE LAWSUIT**

1.      On July 7, 2020, Plaintiff and proposed Class Representative Robert Walker filed a complaint against Defendant Nautilus, Inc. alleging that Nautilus misrepresented horsepower attributes in the advertising, marketing and sale of its treadmills sold under the brand names Nautilus, Schwinn and Bowflex. (Doc. 1, Complaint). Plaintiff asserted claims for: 1) breach of express warranty

(nationwide class); 2) breach of express warranty under the Magnuson-Moss Warranty Act (nationwide class); 3) breach of express warranty (Ohio class); 4) breach of implied warranty (nationwide class); 5) breach of implied warranty under the Magnuson-Moss Warranty Act (nationwide class); 6) violation of the Ohio Consumer Sales Practices Act (Ohio class); and 7) negligent misrepresentation (Ohio class). *Id*. Plaintiff sought certification of a nationwide class of purchasers, as well as an Ohio class. *Id*.

2.     On September 29, 2020, Defendant Nautilus filed a motion to compel arbitration or, in the alternative to dismiss or strike Plaintiff's claims. (Doc. 13, Motion).  On May 28, 2021, the Court denied Nautilus' motion to compel, and Nautilus filed a notice of appeal. (Doc. 29, Order; Doc. 30, Notice of Appeal).

3.     Pursuant to Sixth Circuit Rule 33, a mediation conference was scheduled with Sixth Circuit mediator John A. Minter. The parties engaged in multiple arms-length mediation conferences under the guidance and supervision of Mr. Minter, beginning on June 28, 2021 and ending on September 8, 2021, as well as in continued email exchanges and discussions, among other things, between formal mediation sessions.

4.     Plaintiff and Class Counsel have thoroughly reviewed and analyzed this case, including but not limited through informal discovery, discussions with experts in electrical engineering and price premium analysis, and review of applicable nationwide and Ohio law.

5.     The Parties to this Agreement have now reached an agreement providing for a resolution of all claims that have been or could have been brought in the Lawsuit against Defendant Nautilus on behalf of Plaintiff. However, the Parties have not reached any agreement on the amount of Attorneys' Fees and Expenses to be paid Class Counsel or any service award to be paid Plaintiff, if any, leaving those decisions to the Court.

6.     Plaintiff and Class Counsel believe the Settlement is fair, adequate, reasonable, and in the best interest of the Class Members, taking into account the benefits provided to the Class Members

through the terms of the Settlement, the risks of continued litigation and possible trial and appeals, and the length of time and the costs that would be required to complete the litigation.

7.      Defendant Nautilus has at all times disputed, and continues to dispute, Plaintiff's allegations in the Lawsuit and denies any liability for any of the claims that have or could have been raised in the Lawsuit by Plaintiff or the Class Members, but Nautilus believes that the comprehensive resolution of the claims in the Lawsuit as provided in this Agreement will avoid the substantial costs and disruptions of continued litigation, including potential trial and appeals, and has concluded that it is desirable that the claims against it be settled and dismissed on the terms reflected in this Agreement.

8.      The Parties understand, acknowledge, and agree that this Agreement constitutes the compromise of disputed claims and that it is their mutual desire and intention that the Lawsuit be settled and dismissed, on the merits and with prejudice, and that the Released Claims be finally and fully settled and dismissed, subject to and according to the terms and conditions set forth in this Agreement.

NOW, THEREFORE, without any concession by Plaintiff that his claims lack merit, and without any concession by Defendant of any liability or wrongdoing or lack of merit in its defenses, it is hereby AGREED by and among the Parties, subject to approval by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, that, in consideration for the benefits flowing to the Settlement Class and the Parties, the Lawsuit and all Released Claims, as defined below, shall be compromised, settled, acquitted, and dismissed with prejudice, on the following terms and conditions:

## II.    NO ADMISSION OF WRONGDOING AND CONDITIONAL NATURE OF THIS AGREEMENT

9.      Defendant does not admit any wrongdoing, fault, liability, or damage to Plaintiff or Class Members. Nor does Defendant admit that it engaged in any wrongdoing or committed any violation of law. Defendant maintains that it has meritorious defenses to the Lawsuit. In view, however, of the uncertainty and risk of the outcome of any litigation, the difficulties and substantial

expense and length of time necessary to defend the proceeding—including potentially through trial, post-trial motions, and appeals—and to eliminate the burden and expense of further litigation, Defendant wishes to settle the Lawsuit and to put the claims alleged in the Lawsuit to rest, finally and forever,without in any way acknowledging any wrongdoing, fault, liability, or damage to Plaintiff. The Settlement and this Agreement represent a compromise of disputed claims and the arms-length negotiations, discussions, and communications in connection with or leading up to and including the Settlement are not and shall not be construed as admissions or concessions by any of the Parties, either as to any liability or wrongdoing or as to the merits of any claim or defense, regardless of whether this Agreement becomes effective.

10.    This Agreement and all associated exhibits or attachments are made for the sole purpose of settling the Lawsuit and are made in compromise of disputed claims. Because this Agreement settles the action on a class-wide basis, it must receive preliminary and final approval from the Court.  Accordingly, the Settling Parties enter into this Agreement on a conditional basis. If the Court does not enter the Final Approval Order, the proposed judgment does not become a final judgment for any reason, or the Effective Date does not occur, this Agreement shall be deemed null and void *ab initio*; it shall be of no force or effect whatsoever; it shall not be referred to or used for any purpose whatsoever; and the negotiation, terms, and entry of the Agreement shall remain subject to Rule 408 of the Federal Rules of Evidence and any analogous federal or state court rules of evidence or substantive law.

11.    If the Court materially alters any of the terms of this Agreement to the material and substantial detriment of Plaintiff or Defendant, at the sole discretion of each adversely affected Party, this Agreement shall be deemed null and void *ab initio* and shall be of no force or effect whatsoever. To exercise this right, the Party must inform the Court, the other Party, and the Settlement Administrator, in writing, of the exercise of this right within ten (10) days after any such order.

12. This Agreement and all associated exhibits or attachments, and any and all negotiations relating to it, shall not be admissible in the Lawsuit, or any other action or legal proceeding, in any manner whatsoever, except as necessary: (a) to enforce the terms of this Agreement, including to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, accord and satisfaction, good-faith settlement, judgment bar or reduction, or any theory of claim or issue preclusion or similar defense or counterclaim; or (b) in connection with Third-Party Claims.

## III. DEFINITIONS

As used in this Agreement, the following terms have the definitions that follow:

13. "Administration and Notice Expenses" means reasonable fees and expenses incurred by the Settlement Administrator for the: (1) mailing, emailing, publication, and other dissemination of the Settlement Notice; (2) receipt and adjudication of claims submitted by Class Members for benefits under this Settlement, including the costs of administering a Settlement Website for the review of the Settlement Notice and submission of claims; (3) preparation of status reports at the request of the Court or in preparation for a hearing or conference with the Court; (4) receipt and processing of Opt-Out Requests submitted by Class Members who wish to exclude themselves from the Settlement Class; and (5) other reasonable costs of notice and claims administration agreed to by the Parties.

14. "Agreement" means this Class Action Settlement Agreement and all exhibits attached to, and incorporated by reference into, it.

15. "Attorneys' Fees and Expenses" means the amount of any attorneys' fees and reimbursement of litigation costs awarded to Class Counsel under their Fee Application.

16. "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA"), to be served on

the appropriate state official in each state where a Class Member resides and the appropriate federal official.

17. "Claimant" means a Class Member who submits a valid and timely Claim Form.

18. "Claims Deadline" means 90 days after Notice.

19. "Claim Form" or "Claim Forms" means the forms to be approved by the Court as part of the Preliminary Approval Order and to be submitted to the Settlement Administrator by Class Members who wish to make a claim or receive a benefit in accordance with Section VI of this Agreement.

20. "Class" means all Persons within the United States and its territories who purchased a Bowflex, Nautilus, or Schwinn treadmill from July 7, 2016 through the date preliminary approval of the settlement is granted, primarily for personal, family, or non-commercial purposes, and not for resale. Excluded from the Class are: Defendant and its officers and directors; Class Counsel and their partners, associates, lawyers, and employees; and the judicial officers and their immediate family members and associated Court staff assigned to this case.

21. "Class Counsel" means Bill Markovits, Terence Coates, and Justin Walker of Markovits, Stock & DeMarco LLC; Nathan Prosser of Hellmuth & Johnson, PLLC; and Bryan Bleichner and Jeffrey Bores of Chestnut Cambronne, PA.

22. "Class Member" or "Plaintiff" means any Person who is a member of the Settlement Class and who does not exclude himself, herself, or itself from the Settlement Class in the manner and time prescribed by the Court in the proposed Preliminary Approval Order.

23. "Class Representative" means Plaintiff Robert Walker.

24. "Court" means the United States District Court for the Southern District of Ohio, Eastern Division.

25. "Complaint" means the Complaint filed in the Lawsuit by Plaintiff on July 7, 2020.

26.	"Common Fund" means the non-reversionary total of Four Million, Two Hundred and Fifty Thousand Dollars ($4,250,000) to be paid by Defendant to the Settlement Administrator within 30 days of the Effective Date. Notwithstanding the foregoing, following Preliminary Approval Defendant will advance from the Common Fund up to Two Hundred and Fifty Thousand Dollars ($250,000) for notice and claims administration expenses incurred prior to the Effective Date, and such reimbursement shall reduce the Common Fund to be paid by Defendant.

27.	"Defendant" means Nautilus, Inc. and its respective parent corporations, affiliates, direct and indirect subsidiaries, predecessors, successors, assigns, anyone acting or purporting to act on its behalf, and all of its current or former board members and executives.

28.	"Effective Date" means the first date that is three business days after all the following have occurred: (a) the Court has entered an order granting final approval of the Settlement in accordance with the terms of this Agreement and no timely objection was filed; (b) the time for any challenge to the Settlement, both in the Court and on appeal, has lapsed; and (c) the Settlement has become final, either because no timely challenge was made to it or because any timely challenge has been finally adjudicated and rejected. For purposes of this Section, an "appeal" shall not include any appeal that concerns solely the issue of Class Counsel's request for attorneys' fees or costs, Administration and Notice Expenses, and/or Service Awards to the Class Representatives.

29.	"Fairness Hearing" means the final hearing, to be held on or about 120 days after the Notice Date or as soon thereafter as practicable, (a) to determine whether to grant final approval to (i) the certification of the Settlement Class, (ii) the designation of the Class Representative as the representatives of the Settlement Class, (iii) the designation of Class Counsel as counsel for the Settlement Class, and (iv) the Settlement; (b) to rule on Class Counsel's Fee Application; and (c) to consider whether to enter the Final Approval Order.

30.	"FAQ" means the proposed Frequently Asked Questions and Answers form to be

approved by the Court as part of the Preliminary Approval Order and posted on the Settlement Website in accordance with this Agreement. In addition, the FAQ form will be mailed or emailed to Class Members who contact the Settlement Administrator by telephone or email and request a Claim Form.

31. "Fee Application" means the application to be filed by Class Counsel no later than 14 days prior to the Objection Deadline by which they will seek an award to be paid out of the Common Fund for attorneys' fees and reimbursement of costs incurred by them in prosecuting the Lawsuit, as well as a Service Award to be paid to the Class Representative.

32. "Final Approval Motion" means the motion and accompanying documents to be filed by Class Counsel no later than 14 days prior to the Objection Deadline by which they will seek final approval of the Settlement.

33. "Final Approval Order" means the proposed Order Granting Final Approval to the Class Action Settlement and Entry of Final Judgment, to be entered by the Court following the Fairness Hearing.

34. "Final Void Date" means the final void date for reissued checks, which shall be no later than 240 days following initial distribution.

35. "JRNY" is a digital fitness platform offered by Nautilus. Currently its primary use is with Bowflex treadmills, but by early 2022 Nautilus hopes to have additional user content, including online fitness classes, that could be used by Plaintiff and all Class Members.

36. "Lawsuit" means the case captioned *Robert Walker v. Nautilus, Inc.*, Civil Action No. 2:20-cv-3414, currently on appeal from the United States District Court for the Southern District of Ohio, Eastern Division.

37. "Nautilus" means Defendant.

38. "Notice and Administration Expenses" means the expenses incurred for all notice and

administration performed by the Settlement Administrator.

39.    "Notice of Claim Denial" means the form that the Settlement Administrator will send, by first-class United States Mail or electronic mail, to each Person who has submitted a Claim Form that the Settlement Administrator has determined not to be a Valid Claim.

40.    "Notice Data" means the Class Member identifying information obtained from Nautilus and third-party retailers.

41.    "Notice Date" means the Court-ordered deadline by which the Settlement Administrator and any third parties must complete the mailing or emailing of Settlement Notice to Class Members, which shall be no later than 35 days after Settlement Administrator has received the notice data from the Defendant and Third Parties.

42.    "Notice Plan" means the plan for providing Settlement Notice to members of the Class, as set forth in Section VII of this Agreement.

43.    "Objection Deadline" means the Court-ordered deadline by which members of the Settlement Class must file any written objection or opposition to this Agreement or any part or provision of this Agreement, as set forth in Section VIII, which shall be 60 days from the Notice Date.

44.    "Opt-Out Request" means a valid written request submitted to the Settlement Administrator, pursuant to the provisions of Section VIII of this Agreement, indicating that the Class Member wishes to be excluded from the Settlement

45.    "Opt-Out Request Deadline" means the Court-ordered deadline by which members of the Settlement Class must deliver, by mail or electronically, an Opt-Out Request pursuant to the provisions of Section VIII of this Agreement, which shall be 60 days from the Notice Date.

46.    "Parties" means the parties to this Agreement, Plaintiff and Defendant.

47.    "Person" means any natural person, including his or her beneficiaries, heirs, assigns, or executors, or any legal entity, including its predecessors, successors, affiliates, or assigns.

48. "Plaintiff" means the Plaintiff asserting claims in the Lawsuit, Robert Walker.

49. "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval to Class Action Settlement, to be entered by the Court.

50. "Proof of Purchase" means a valid serial number, or the receipt for the Treadmill purchased, or other similar type of documentation evidencing the purchase of the Treadmill, by the Class Member.

51. "Protective Order" means an agreed protective order to be entered by the Court that will, in part, address the confidentiality of Class Member identifying information.

52. "Publication Notice" means the proposed notice, using the language of the Settlement Notice to the extent practicable, which is subject to approval by the Court as part of the Preliminary Approval Order and which will be published in accordance with the Notice Plan set forth in Section VII of this Agreement.

53. "Released Claims" means, as to Plaintiff and all Class Members, all claims released under the release and waiver set forth in Section XI of this Agreement.

54. "Released Party (Defendant)" means Defendant and each of its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing, and any retailers, dealers, or distributors that has sold a Treadmill to the Class. Each of the Released Parties may be referred to individually as a "Released Party."

55. "Releasing Party (Class)" means Plaintiff and all Class Members and each of their respective heirs, executors, representatives, agents, assigns, and successors.

56. "Service Award" means a reasonable award sought by application to and approved by the Court that is payable to the Plaintiff from the Common Fund, for his role in and contribution to

the Lawsuit, separate and apart from his Valid Claim.

57.    "Settled Class Claims" means any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties (Class) had or have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted in the Lawsuit or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, brought or could have been brought, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Lawsuit

58.    "Settlement" means the settlement provided for in this Agreement.

59.    "Settlement Administrator" means the third-party notice and administration provider agreed upon by the Parties and approved by the Court. The Parties have agreed upon Angeion Group and will be seeking approval by the Court for its appointment.

60.    "Settlement Class" means the Class Representative and the Class.

61.    "Settlement Notice" means the proposed forms of notice or such other forms as may be approved by the Court, which inform the Class Members of (a) the certification of the Class for

Settlement purposes; (b) the date and location of the Fairness Hearing; and (c) the elements of the Settlement Agreement—all in accordance with Section VII of this Agreement.

62.     "Settlement Website" means a website created by the Settlement Administrator to facilitate notice, the making of claims, and for other administrative purposes related to the Settlement, as detailed in Section VII of this Agreement.

63.     "Settling Parties" means, collectively, Plaintiff and Defendant.

64.     "Short Form Settlement Notice" means an abbreviated version of the Settlement Notice to be delivered as a postcard, using the language of the Settlement Notice to the extent practicable, which is subject to approval by the Court as part of the Preliminary Approval Order.

65.     "Third-Party Claims" means any case, lawsuit, or other claim that the Class may bring, formally or informally, against any other Person seeking recovery on another theory or based on other causes of action related to the subject matter of the Lawsuit.

66.     "Treadmill(s)" means a Bowflex, Nautilus, or Schwinn treadmill purchased from July 7, 2016 through the date preliminary approval of the settlement is granted, primarily for personal, family, or non-commercial purposes, and not for resale.

67.     "Valid Claim" means a Claim Form that (a) is timely submitted by a Class Member in accordance with the requirements of the Preliminary Approval Order, (b) is signed by that Class Member with a certification that the information is true and correct to the best of the Class Member's knowledge and recollection, (c) contains as necessary one or more valid serial numbers for a Treadmill or other Proof of Purchase, (d) is not fraudulent, and (e) otherwise contains all of the information for that Class Member to be eligible to receive one or more of the benefits provided in Section VI of this Agreement. Persons who receive direct notice either by email or mail are known Class Members as determined by inclusion in Defendant's records or the records of the third parties, and the Parties agree that any such Class Members who completes a Claim Form by entering the

credentials provided to them by the Settlement Administrator or who provides said credentials on the mailed Claim Form shall not be required to provide a serial number or other Proof of Purchase. Any claimant who completes a claim form, either online through the settlement website or via mail that does not provide the credentials referenced above, must provide a valid serial number or other Proof of Purchase or such claim will be denied. In the event that the same valid serial number is submitted by multiple Claimants, the original purchaser associated with that serial number shall be treated as having a Valid Claim. If it is not possible to determine the original purchaser conclusively after expending reasonable efforts to do so, then the Settlement Administrator shall use its judgment and treat only one Claimant as having a Valid Claim.

## IV.    CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

68.    For the purposes of implementing this Agreement and the Settlement, and for no other purpose, Defendant will not oppose the conditional certification of the Settlement Class on a nationwide basis. If for any reason this Agreement should fail to become effective, Defendant's lack of opposition to certification of the nationwide Settlement Class shall be null and void, and the Parties shall return to their respective positions in the Lawsuit as those position existed immediately before execution of this Agreement.

69.    If for any reason this Agreement should fail to become effective, neither this Agreement nor any document referred to in, or incorporated into, it is or may be construed as an admission by Defendant of any fault, wrongdoing, or liability whatsoever. Nor should the Agreement be construed as an admission that Plaintiff can serve as an adequate class representative, other than for settlement purposes, or that certification of any class is proper or permissible.

## V. REQUIRED EVENTS:  PRELIMINARY AND FINAL APPROVAL

70.    Within 14 days of the execution of this Agreement or an effective remand of this matter

to the District Court from the Sixth Circuit, whichever is later, Plaintiffs shall file with the Court a motion seeking entry of the Preliminary Approval Order, which shall:

a. Preliminarily approve the Settlement and this Agreement as fair, adequate, and reasonable to the Settlement Class;

b. Conditionally certify the Settlement Class as a nationwide class for the purpose of effecting the Settlement;

c. Designate the Class Representative as the representative of the Settlement Class;

d. Designate Class Counsel as counsel for the Settlement Class;

e. Designate Angeion Group as the Settlement Administrator and instruct the Settlement Administrator to perform the following functions in accordance with the terms of this Agreement, the Notice Plan, the Preliminary Approval Order, and the Final Approval Order:

   i. No later than 35 days from receipt of the Notice Data, Settlement Administrator shall, begin disseminating the various Settlement Notices pursuant to the Notice Plan, substantially in the forms provided in Section VII and, to the extent applicable and practicable;

   ii. No later than the Notice Date Settlement Administrator shall establish the Settlement Website with information the Parties jointly agree to post concerning the nature of the case and the status of the Settlement, including relevant pleadings as available such as the Complaint, papers in support of preliminary and final approval of the Settlement, and Class Counsel's Fee Application, plus relevant orders of the Court, within two business days of filing. The

Settlement Website shall be established before or concurrently with emailing or mailing the Settlement Notice or publishing Publication Notice;

iii.     No later than the Notice Date, Settlement Administrator shall establish a toll-free telephone number that Class Members can call to request electronic or hard copies of the Claim Forms and FAQ be sent to them and to obtain additional information regarding the Settlement. This shall be accomplished before or concurrently with emailing or mailing the Settlement Notice or publishing Publication Notice;

iv.     Beginning on the Notice Date, Settlement Administrator shall commence Publication Notice (through banner ads and social media) for the Settlement Class in the form and pursuant to the Notice Plan to which the Parties agree. The Publication notice shall continue for 30 consecutive days;

v.     By 30 days after the Claims Deadline, the Settlement Administrator shall, receive, evaluate, and either approve as meeting the requirements of this Agreement or disapprove as failing to meet those requirements the Claim Forms submitted by Claimants.

vi.     By 30 days after the Claims Deadline, the Settlement Administrator shall send, by first-class United States Mail or email, to each Person who has submitted a Claim Form that the Settlement Administrator has determined not to be a Valid Claim, and which has not been challenged by Class Counsel, a Notice of Claim Denial. Such a

person shall have 30 days from the date of transmission of a Notice of Claim Denial to cure the reason for any denial;

vii. By 30 days after the Claim Deadline, Settlement Administrator shall provide to Class Counsel the information set forth in Sections (e)(v) and (e)(vi), above, including: (a) a list of the names, addresses, email addresses, and other contact information of all Class Members who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined to be Valid Claims; and (b) a separate list of the names addresses, email addresses, and other contact information of all Persons who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined not to be Valid Claims, including the reason each Claim was rejected;

viii. Process requests for exclusion from the Settlement in accordance with Section VIII of this Agreement;

ix. Process objections to the Settlement in accordance with Section VIII of this Agreement; and

x. No later than twenty (20) days before the Fairness Hearing, provide to the Court, Defendant, and Class Counsel a statement, under penalty of perjury, declaring: (a) that it has effectuated notice in compliance with the terms set forth herein and report the preliminary number of claims submitted (in total and by category of benefit); (c) the total number of requests for exclusion received; (d) the total number of objections received; and (e) the total number of claims

adjudicated as Valid Claims (in total and by category of benefit); and the total number of claims adjudicated not to be Valid Claims.

xi.      Approve the Notice Plan and CAFA Notice, including the form, contents, and methods of notice to be given to the Class and the Settlement Class as set forth in Section VII of this Agreement, and direct the Settlement Administrator on behalf of the Defendant to provide, and cause to be provided, CAFA Notice and to file with the Court a declaration of compliance with the Notice Plan set forth in Section VII of this Agreement (including the statement from the Settlement Administrator referenced in Section VIII.

xii.      Establish procedures and schedule deadlines for Class Members to object to the Settlement or certification of the Settlement Class, to exclude themselves from the Settlement, and to submit Claim Forms to the Settlement Administrator, all consistent with Sections VII and VIII of this Agreement; and

71.      The deadlines established in the Preliminary Approval Order are:

a.      Within 35 days of the entry of the Preliminary Approval Order, the Settlement Administrator shall mail and email the initial Settlement Notices as required by Section VII. The Settlement Administrator may also provide additional notice as provided by Section VII below.

b.      At least 14 days prior to the Objection Deadline, Class Counsel shall file their Fee Application.

c.      At least 14 days prior to the Objection Deadline, Class Counsel shall file the proposed Final Approval Order and memorandum in support of Final

Approval.

d.      Within 60 days of the Notice Date, any Class Member shall file objections with the Court and serve that filing on Class Counsel and Defendants. Objections must be in writing and must contain the following information:

     i.      the full name, address, telephone number, and email address of the objector;

     ii.      the serial number(s) for the objector's treadmill(s) or other Proof of Purchase;

     iii.      a written statement of all grounds for the objection accompanied by any legal support for such objection;

     iv.      copies of any papers, briefs, or other documents on which the objection is based;

     v.      a list of all cases in which the objector and/or objector's counsel have filed or in any way participated in, financially or otherwise, any objection to a class action settlement in the preceding five years;

     vi.      the name, address, email address, and telephone number of all attorneys representing the objector;

     vii.      a statement indicating whether the objector and/or the objector's counsel intends to appear at the Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection; and,

     viii.      the objector's signature.

This Section applies to all objections, including to certification of the Settlement Class, the designation of the Class Representatives, the appointment of Class

Counsel, the Settlement, this Agreement, or Class Counsel's Fee Application.

e.     Within 60 days of the Notice Date, requests by Class Members to be excluded from the Settlement must be received by the Settlement Administrator. The Settlement Administrator must file a list of all exclusions (including Class Members submitting Opt-Out Requests and those objecting) with the Court no later than twenty (20) days before the Fairness Hearing.

f.      Within 60 days of the Notice Date, any Person or attorney seeking to appear at the Fairness Hearing must file with the Court and serve on Class Counsel and Defendants an entry of appearance in the Lawsuit and notice of intention to appear at the Fairness Hearing. This includes any person objecting to any or all of certification of the Settlement Class, designation of Class Representatives, appointment of Class Counsel, the Settlement, the Agreement, or Class Counsel's Fee Application.

g.      No later than twenty (20) days before the Fairness Hearing: the Settlement Administrator shall file with the Court a declaration of compliance with the notice requirements set forth in Section VIII of this Agreement.

h.      Within 7 days of the Fairness Hearing, Class Counsel shall file their reply, if any, in support of the Settlement, and in response to any objections.

i.      90 days from the Notice Date shall be the Claims Deadline for all Class Members. All claims must be received by this date. Claims received after this date shall not be Valid Claims.

72.     Defendant may file a memorandum in support of the motion seeking entry of the Preliminary Approval Order.

73. At the Fairness Hearing, the Parties will jointly request the Court to enter the Final Approval Order that:

    a. Grants final approval of the certification of the Settlement Class;

    b. Designates the Class Representative as the representative of the Settlement Class and Class Counsel as counsel for the Settlement Class;

    c. Grants final approval of the Settlement and this Agreement as fair, reasonable, and adequate to the Settlement Class;

    d. Provides for the release of all Released Claims and enjoins Class Members from asserting, filing, maintaining, or prosecuting any of the Released Claims in the future;

    e. Orders the dismissal with prejudice of all claims alleged in the Lawsuit, and incorporates the releases and covenant not to sue stated in this Agreement, with each of the Parties to bear its, his, or her own costs and attorney fees, except as provided in Section XII below;

    f. Authorizes Defendant to honor Valid Claims approved by the Settlement Administrator as Valid Claims, or otherwise reviewed by Class Counsel and counsel for Defendant and determined to be Valid Claims; and

    g. Preserves the Court's continuing jurisdiction over the administration of the Settlement and enforcement of this Agreement.

74. In addition, at the Fairness Hearing, Class Counsel will move the Court for entry of a separate order approving: (a) Service Awards; and (b) Attorneys' Fees and Expenses to Class Counsel in an amount to be determined by the Court consistent with the terms of this Agreement. Defendant will not oppose an Attorney Fee request of up to one-third of the Common Fund.

75. As soon as practicable after execution of this Agreement, the Parties shall file in the

Lawsuit a stipulated motion, proposed stipulated order, or other filing to stay the Lawsuit.

76.     This Agreement will not be finalized or submitted to the Court for approval without the consent of and execution by Plaintiff and Defendant.

77.     Plaintiff, Class Counsel, and Defendant will cooperate and make their best efforts to secure preliminary and final approval for and to effectuate the Settlement, including cooperating in drafting the documents necessary for preliminary and final approval and securing the prompt, complete, and final dismissal, with prejudice, of the Lawsuit. If the Court fails to enter either the Preliminary Approval Order or the Final Approval Order, Plaintiff, Class Counsel, and Defendant will use all reasonable efforts that are consistent with this Agreement to cure any defect identified by the Court. If, despite such efforts, the Court does not enter the Preliminary Approval Order or Final Approval Order, the Parties will return to their positions in the Lawsuit as they were immediately prior to the execution of this Settlement Agreement and confer on a revised schedule for the completion of fact and expert discovery and class certification.

## VI.     BENEFITS AVAILABLE TO MEMBERS OF THE SETTLEMENT CLASS

78.     To qualify for any benefits under this Agreement, a Claimant must timely submit to the Settlement Administrator a properly completed Claim Form. A Claim Form received on or before the Claims Deadline will be treated as timely. If the Common Fund has been distributed but the Class Member can establish excusable neglect for an untimely claim, the subscription benefit under paragraph 80(b) may be provided.

79.     Class Members will be able to submit claims by mail or electronically through the Settlement Website. The Settlement Administrator shall prepopulate the online Claim Form with all relevant information, such as name, address, email, and model and serial numbers, that is readily accessible. Class Members may edit or change prepopulated information.

80.     Class Members who timely submit a Valid Claim are eligible for both of the following

benefits:

    a.   A payment from the Common Fund remaining after payment of Attorney Fees and Expenses, Service Awards, and Notice and Administration Expenses. The payment will be pro rata based upon the number of Valid Claims. Those Class Members whose payments are not cleared within one hundred and eighty (180) calendar days after issuance (the "Void Date") will be ineligible to receive a cash settlement benefit and the Settlement Administrator will have no further obligation to make any payment from the Common Fund pursuant to this Agreement or otherwise to such Class Member. Checks may, at the discretion of the Settlement Administrator, be reissued for a period up to 30 days following the Void Date. Any reissued check is void within 180 days of issuance or 60 days from the Void Date, whichever is sooner. Any funds that remain unclaimed or remain unused after the initial distribution and any reissuances will be distributed to Class Members who cashed the initial payment, on a pro rata basis, to the extent the cost of such redistribution is considered economical by the Settlement Administrator, Class Counsel, and Nautilus. If such redistribution is not considered economical, or if unpaid funds remain after a second distribution, any unpaid funds will be donated *cy pres* as proposed by the Parties and approved by the Court to a non-sectarian, not-for-profit firm whose work is sufficiently tethered to the allegations in this action. Notwithstanding the foregoing, the total monetary award from the Common Fund to any Class Member shall not exceed a total of $449.99. In the unlikely event that Class Member awards would exceed this amount on a pro rate distribution, Class Member awards will be reduced to $449.99 and remaining funds will be included in the *cy pres* contribution.

    b.   A one-year subscription to JRNY or, for those Class Members already subscribed, a

one-year extension to JRNY. The subscription or extension may be initiated by the Claimant any time within one year of the Effective Date. Prior to the Effective Date, the Settlement Administrator will provide each Claimant with the information that will allow them to claim this benefit following the Effective Date. This benefit is non-transferable.

81. The provisions of Section VI of this Agreement are subject to reasonable anti-fraud measures employed by the Settlement Administrator with the approval of the Parties.

82. Nautilus will also provide the following relief relating to the allegations of the Complaint:

    a. Nautilus will cease using the terminology "Continuous Horsepower" or "CHP" to market or sell its Treadmills. Nautilus will remove such references from its website, from online manuals, and from any future distributed manuals or marketing materials. Nautilus will make a good faith effort to have retailers that sell its Treadmills cease using these terms and will provide Class Counsel with evidence that they have done so.

    b. With respect to any future horsepower claim for its Treadmills in which the maximum expected operational horsepower in ordinary household use is less than the stated horsepower, Nautilus will in conjunction with such claim provide information proximate to the claim to inform customers about this situation. The following represents non-exhaustive examples of providing this information proximate to the claim:

        i. **The stated horsepower is based on the motor manufacturer's horsepower rating. It does not reflect the operational horsepower of the treadmill in ordinary household use.**

        ii. Providing the estimated horsepower operating range of the treadmill

motor in ordinary household use within reasonable proximity of the horsepower claim.

Nautilus will make a good faith effort to have retailers that sell its Treadmills similarly provide such information with respect to future horsepower claims.

c. If Class Counsel believes Nautilus is in breach of any of the provision set forth in this paragraph, they shall be obligated to give Nautilus reasonable notice and opportunity to cure following a "meet and confer" conference before seeking any related relief.

## VII. SETTLEMENT NOTICE AND NOTICE PLAN

83. All decisions regarding notice and settlement administration shall be made jointly between Defendant and Class Counsel except as otherwise set forth in this Agreement. The Parties and their counsel agree to cooperate in good faith in the notice and settlement administration process and to make reasonable efforts to control and minimize the costs and expenses as well as business disruption incurred in providing notice and in the execution and administration of the terms of this Settlement Agreement.

84. Class Counsel and counsel for Defendant shall have the ability to communicate with the Settlement Administrator without the need to include each other in each of those communications. Disputes, if any, shall be resolved by the Court. This includes any disputes over whether a particular Class Member is entitled to a particular benefit under Section VI of this Agreement.

85. On or before 35 days after receipt of the Notice Data

a. The Settlement Administrator shall begin sending or causing to be disseminated a copy of the Short Form Settlement Notice to every Class Member who reasonably can be identified in the records of (i) third parties, such as retailers, dealers, or distributors pursuant to the procedures set forth in Section VIII below,

or (ii) Nautilus, including Persons who directly purchased a Treadmill from Nautilus (Class Members described in Section C above) or registered their Treadmill with Nautilus.

b.  To the extent practicable, the Settlement Administrator shall send or cause to be sent a copy of the Settlement Notice by electronic mail, to every Class Member whose email address can reasonably be identified in Defendant's records or the records of third parties such as retailers, dealers, or distributors provide. If the Settlement Administrator can identify more email addresses for Class Members by performing an email address lookup or similar exercise, the Settlement Administrator may include such costs in the Administration and Notice Expenses so long as Class Counsel authorize such a search in advance. Any such electronic mail addresses are subject to the provisions of Section VIII below. All email addresses shall be subjected to an email validation process and invalid addresses shall not be sent an email notice. For all Class Members who are not sent an email notice, but whose record contains a valid mailing address, the Settlement Administrator shall send or cause to be sent a copy of the Settlement Notice by U.S. mail.

c.  The Settlement Administrator will forward Short Form Settlement Notices or Settlement Notices that are returned by the U.S. Postal Service or electronically with a forwarding address to the Class Member. For Settlement Notices returned as undeliverable, the Settlement Administrator shall make reasonable effort to determine a proper electronic mail address, or mailing address, and re-send the Short Form Settlement Notice. All costs related to this process shall be included in the Administration and Notice Expenses.

d.   With respect to third parties, the Parties will agree to an order to be entered by the Court directing third parties either to:

    i.   Deliver to the Settlement Administrator their respective customer lists identifying Class Members and the names, company names (if applicable), addresses, telephone numbers, email addresses, purchase dates, and—to the extent the third-party has them—serial numbers for the Treadmills of Class Members. The Settlement Administrator shall treat a customer list provided to it pursuant to this Section as Confidential under the Stipulated Protective Order previously entered by the Court (ECF 24) and the appropriate employees of the Settlement Administrator shall agree to the terms of that Protective Order.

    ii.   Provide the Short Form Settlement Notice to Class Members on their respective customer lists. If requested, the Settlement Administrator shall reimburse a third-party for the reasonable cost of providing this notice and include such amount in the Administration and Notice Expenses. No later than 14 days after entry of Preliminary Approval any third-party providing Settlement Notice under this Section shall certify that it has done so by filing with the Court a declaration pursuant to 28 U.S.C. § 1746 substantially in a form to be approved by the Court as part of the Preliminary Approval Order. Nothing in this Section obligates payment for any third-party's compliance costs other than the cost of postage at no greater than the U.S. Postal Service's applicable rate for marketing mail.

    iii.   Class Counsel will serve the order on third parties and take reasonable steps to ensure timely compliance by third parties to allow a reasonable

amount of time for Class Members to submit a Claim Form before the Claims Deadline. Noncooperation by a third-party or late notice by a third-party is not good cause to adjust the Claims Deadline or to treat any untimely claim as a Valid Claim

e. Within 14 days of the entry of the Preliminary Approval Order, Defendant will provide the Settlement Administrator with electronic data containing the contact information Defendant has for Class Members. Defendant will provide this information in an Excel readable format unless Defendant and the Settlement Administrator agree on another format to facilitate providing Settlement Notice. The Settlement Administrator will maintain the information and data provided to it by Defendant pursuant to this provision as Confidential under the terms of the Protective Order.

86. At approximately the same time the Settlement Administrator mails and emails the Settlement Notice, the Settlement Administrator shall provide Publication Notice to the Class Members pursuant to the Notice Plan.

87. To facilitate the efficient administration of this Settlement, and to promote the provision of benefits pursuant to this Settlement, the Settlement Administrator will establish a Settlement Website that enables Class Members to:

a. Read the Settlement Notice and FAQ;

b. Complete, review, and submit a Claim Form online.

c. Print the Claim Form for completion and submission by the Class Member by mailing to the Settlement Administrator along with any required documentary support; and

d. View a toll-free telephone number Class Members may call to obtain general information about the Settlement and this Agreement.

88. The Settlement Administrator will not maintain the Claim Forms on the Settlement

Website after the Claims Deadline passes. The Settlement Administrator shall maintain the Settlement Website through the Final Void Date.

89.     The Parties agree that the Settlement Notice, Short Form Settlement Notice, FAQ, Claim Forms, Publication Notice, and Settlement Website will provide information sufficient to inform Class Members of: (a) the essential terms of this Agreement; (b) appropriate means for obtaining additional information regarding the Agreement and the Lawsuit; (c) appropriate information about the procedure for objecting to or excluding themselves from the Settlement, if they should wish to do so; and (d) appropriate means for and information about submitting a claim for benefits pursuant to the Settlement. The Parties also agree that the dissemination of the Settlement Notice, Short Form Settlement Notice, and the FAQ in the manner specified in this Section VII satisfies the notice requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

90.     On or about one week prior to the midpoint of the claim filing period the Settlement Administrator shall prepare for the review of the parties a report reflecting claims made up to that time. The Settlement Administrator shall attempt to perform a cursory review of the claims made including performing a non-exhaustive programmatic deduplication and fraud review to give the parties an approximation of the current state of potentially approved and denied claims. The Parties understand that the report shall be an approximation and shall not be relied upon as a final product but rather a guide for use exclusively for the determination of the implementation of the claim stimulation notice. The Parties shall confer and within one week of receipt of the report, shall jointly direct the Settlement Administrator regarding completion of a claim stimulation notice which is contemplated to include additional social media and a reminder email to class members who were sent the original email but for whom a claim has not been filed. Should the parties agree that a claim stimulation notice is warranted, the Claims Administrator shall implement such notice within one week from receipt of the directive by the parties.

91.     Pursuant to this Agreement, Class Counsel will request the Court to approve, in the Preliminary Approval Order, the emailing and (to the extent email is unavailable or unsuccessful) direct mailing of the Short Form Settlement Notice and establishment of the Settlement Website, which will include the Settlement Notice, FAQ, and the Claim Forms, and the Publication Notice all as set forth above in this Section VII, and the claim stimulation notice if the Parties agree it is warranted.

92.     As soon as practicable, but no later than ten (10) days after Plaintiff files this Agreement in the Court, the proposed Settlement Administrator shall serve the CAFA Notice on behalf of the Defendant as required by the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715.

93.     No later than the Claims Deadline, the Settlement Administrator shall file with the Court a declaration of compliance with this Notice Plan, including a statement of (a) the number of Persons to whom the Class Notice was mailed and emailed for each source of records (i.e., the number of Persons to whom the Class Notice was mailed or emailed identified in records provided by Nautilus and each third-party providing records pursuant to this Section); and (b) the identity of each third-party that opted to undertake notice and certify compliance pursuant to Section VIII.

## VIII.   CLAIM ADMINISTRATION, EXCLUSION FROM THE SETTLEMENT CLASS, AND OBJECTIONS

94.     Administration and Notice Expenses shall be paid from the Common Fund. Defendant shall not be responsible for any Administration and Notice Expense with the exception of up to Two Hundred and Fifty Thousand Dollars ($250,000) that shall be advanced by the Defendant to the Settlement Administrator for Administration and Notice Expenses incurred following Preliminary Approval and before the Effective Date. Any such amounts paid will be subtracted from the Common Fund payment made by Defendant following the Effective Date and are non-refundable.

95.     As soon as practicable and in any event no later than 30 days prior to the Fairness Hearing, the Settlement Administrator will provide Defendant and Class Counsel with: with the names,

contact information, and other information submitted by Class Members who have submitted Opt-Out Requests, objections, or notices of intent to appear at the Fairness Hearing. The Settlement Administrator shall provide information pursuant to this Section in electronic form in excel format or another format agreed on with Defendant or Class Counsel, respectively.

96. The period for Class Members to submit Claim Forms will commence with the first date a Settlement Notice, Short Form Settlement Notice, or Publication Notice is provided to any Class Member and remain open for 90 days.

97. The Settlement Administrator will reject a Claim Form that does not include all information required to make the Claim Form a Valid Claim. The Settlement Administrator will provide a Notice of Claim Denial, in a timely fashion and by the same means a Person submitted a Claim Form, to any Person who has not submitted a Valid Claim and will identify the reason(s) the Person has not submitted a Valid Claim. The Notice of Claim Denial will also notify such Persons that they have the right to have the Court review whether they have submitted a Valid Claim.

98. Any Person receiving a Notice of Claim Denial that his, her, or its Claim Form is not a Valid Claim who wishes to contest such denial must, within 30 days of the date of mailing or transmission of Notice of Claim Denial of a claim by the Settlement Administrator as described in Paragraph 96 above, submit to the Settlement Administrator a statement of the reasons contesting the grounds for the rejection of his, her, or its claim as well as provide supporting documentation as necessary. If a Person provides the required information the Settlement Administrator shall reevaluate the claim and approve the claim if the deficiency is cured. In the case of a dispute about whether the Person has submitted a Valid Claim the Settlement Administrator shall escalate the claim to Class Counsel and Counsel for the Defendant. If the claim remains unresolved, Class Counsel shall present the issue for review by the Court after certifying that Class Counsel, Defendant, and the Settlement Administrator have personally conferred and disagree about whether the claim is a Valid Claim.

99.     No later than twenty (20) days before the Fairness Hearing, the Settlement Administrator will provide to Defendant and Class Counsel a statement of the number of Valid Claims submitted at that point by Class Members. On request, the Settlement Administrator will provide particular Claim Forms and Opt-Out Requests. By the same deadline, the Settlement Administrator shall provide Defendant and Class Counsel with an accounting detailing the Administration and Notice Expenses incurred. Should the detailed accounting provided be submitted to the Court, Class Counsel and Defendant's counsel shall do so under seal. The Settlement Administrator shall provide information pursuant to this Section in electronic form in its native format or another format agreed on with Defendant or Class Counsel, respectively.

100.     Class Counsel shall apply to the Court for an order approving or denying the Settlement Administrator's administrative determinations concerning the acceptance and rejection of Valid Claims and approving the Settlement Administrator's Administration and Notice Expenses.

101.     All proceedings with respect to the administration, processing, and determination of claims described in this Agreement and the determination of all cases or controversies relating thereto, including disputed questions of law and fact with respect to whether any claim is a Valid Claim, are subject to the jurisdiction of the Court. All persons interested in such determinations submit to the personal jurisdiction of the Court.

102.     Opt-Out Requests. Class Members other than the Class Representatives may opt out of the Settlement by submitting an Opt-Out Request to the Settlement Administrator no later than 60 days from the Notice Date. To be valid, an Opt-Out Request must contain the name, company name (if applicable), address, email address, telephone number, and serial number(s) or other identifying information of the Treadmill(s), Each Class Member seeking exclusion from the Settlement must personally sign the Opt-Out Request. No Opt-Out Request may be signed electronically. No Class Member may opt out by a request signed by an actual or purported agent or attorney acting on behalf of

a group of Class Members. No Opt-Out Request may be made on behalf of a group of Class Members. Class Members who do not submit a timely, personally signed, valid Opt-Out Request will be bound by the Settlement and this Agreement, including the release of Released Claims. Class Members who timely submit a valid, personally signed Opt-Out Request will have no further role in this Settlement and will not be bound by this Agreement; accordingly, such Class Members will not be permitted to assert an objection to the Settlement or this Agreement and will receive no benefit described in Section VI of this Agreement. The Settlement Notice, the Short Form Settlement Notice, the FAQ, and the Publication Notice will advise Class Members of their ability to opt out of the Settlement and of the consequences of opting out of the Settlement. Neither the Parties nor their counsel will solicit any Class Member to submit an Opt-Out Request.

103.    The Settlement Administrator will correspond with Class Members who timely submit both an Opt-Out Request and a Claim Form to clarify the Class Member's intent. The Settlement Administrator's correspondence will state that, unless the Class Member clarifies that he, she, or they intend to opt out of the Settlement within seven (7) days, the Class Member will be deemed to have submitted a Valid Claim.

104.    Objections. Class Members, except for Plaintiff, will have until 60 days after Notice date to file an objection to the Settlement. Only Class Members who have not submitted an Opt-Out Request to the Settlement Administrator may object to the Settlement. To object, a Class Member must timely file with the Court a written objection and a notice of intent to appear at the Fairness Hearing, if the objector chooses to appear at the Fairness Hearing. The filing date of any written objection will be the exclusive means for determining the timeliness of an objection. The Settlement Notice, the Short Form Settlement Notice, the FAQ, the Publication Notice, and the Preliminary Approval Order will set forth the procedures for submitting an objection. A written objection must state: (a) the full name, address, telephone number, and email address of the objector; (b) the serial number(s) or other proof or purchase

for the objector's Treadmill(s); (c) a written statement of all grounds for the objection accompanied by any legal support for such objection; (d) copies of any papers, briefs, or other documents on which the objection is based; (e) a list of all cases in which the objector and/or objector's counsel had filed or in any way participated in—financially or otherwise—objection to a class action settlement in the preceding five years; (f) the name, address, email address, and telephone number of all attorneys representing the objector; (g) a statement indicating whether the objector and/or the objector's counsel intends to appear at the Fairness Hearing, and, if so, a list of all persons, if any, who will be called to testify in support of the objection; and (h) the objector's signature. Class Members who fail to make objections in the manner specified in this Section will be deemed to have waived any objections and will be foreclosed from making any objection to the Settlement or this Agreement (whether by appeal, collateral proceeding, or otherwise). Neither the Parties nor their counsel will encourage any Class Member to object.

## IX.    PAYMENTS TO PLAINTIFF

105.    Plaintiff may participate in the claims process described in Section VI of this Agreement to the same extent as Class Members.

106.    Subject to approval by the Court, the Plaintiff will also receive following the Effective Date a Service Award pursuant to the provisions of this Section. Defendant will not oppose a Service Award to Plaintiff of up to a five thousand dollar ($5,000) payment to the Plaintiff solely as compensation for his time and effort associated with his participation in this Lawsuit. This amount is not reimbursement or compensation for any alleged injuries, damages, or any other relief sought in the Lawsuit. Even though Plaintiff has signed this Agreement and supports approval of the Settlement, payment of the amount specified in this Section is not contingent on such authorization and support for the Agreement. Class Counsel will not seek payments for Plaintiff in excess of the amount in this

Section, which Defendant will not oppose. The Parties did not negotiate or agree to this Section or any of its terms until after negotiating and agreeing to the substantive terms of the Settlement.

## X. CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

107. Class Counsel shall file a Fee Application for an award of Attorneys' Fees and Expenses, including Administration and Notice Expenses, no later than 14 days prior to the Fairness Hearing pursuant to Rule 23(h), Rule 54(d)(2), and the Court's Local Rules.

108. The Parties have not reached any agreement on the amount of Attorneys' Fees and Expenses to be paid to Class Counsel, except that the Parties agree Class Counsel is entitled to an award of Attorney's Fees and Expenses and that Defendant shall not oppose any such request of up to one-third of the Common Fund. Defendant has no liability or obligation with respect to any Attorneys' Fees and Expenses, Administration and Notice Expenses, or a Service Award to Plaintiff; those amounts are to be paid from the Common Fund as awarded by the Court. It is not a condition of the Settlement or this Agreement that the Court award any particular amount of Attorneys' Fees and Expenses or any particular amount as a Service Award.

109. If the Court makes an award of Attorneys' Fees and Expenses, the Settlement Administrator shall pay to Class Counsel from the Common Fund the amount of attorneys' fees and costs awarded by the Court within 21 calendar days after the Effective Date, subject to Class Counsel providing all payment routing information and a valid IRS W9 form for Markovits, Stock & DeMarco, LLC, as agent for Class Counsel. Payment of the Fee Award will be made from the Common Fund by wire transfer to Markovits, Stock & DeMarco, LLC, and completion of all necessary forms, including but not limited to W-9 forms.

110. Any Service Award approved by the Court for the Class Representative shall be paid from the Common Fund in the form of a check to the Class Representative that is sent care of Class

Counsel within the earlier of 21 days after the Effective Date, or the date the Settlement Administrator begins making distributions to claimants subject to Class Counsel providing a valid W9 for the Class Representative.

111.    The award of attorneys' fees and costs, and payment to the Class Representative are subject to and dependent upon the Court's approval.  However, this Settlement is not dependent or conditioned upon the Court's approving Class Counsel's fees and expenses or the Class Representative's Service Award or awarding the particular amounts sought by Class Counsel and Class Representatives. In the event the Court declines or modifies Class Counsels' or Class Representative's requests, this Settlement will continue to be effective and enforceable by the Parties, provided, however, that the Class Representative and Class Counsel retain the right to appeal any decision by the Court regarding attorneys' fees and costs, and service award, even if the Settlement is otherwise approved by the Court.

## XI.    RELEASES

112.    Class Members who do not timely exclude themselves from the  Settlement forever release and discharge the Released Parties (Defendants) from all manner of claims, actions, causes of action, administrative claims, demands, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, or liabilities for economic loss in law or in equity, whether based on federal, state, local, or foreign law or regulation, statutory or common law, whether now known or unknown, contingent or fixed, accrued or not accrued, foreseen or unforeseen, including all claims that Plaintiff and Class Members may now have or, absent this Agreement, may in the future have had, against any of the Released Parties (Defendants), by reason of any act, harm, omission, matter, representation, cause, occurrence, or event whatsoever that has occurred from the beginning of time up to  and including the Effective Date of this Agreement and that arise from or relate to any of the alleged representations, omissions, or claims alleged or that could have been alleged in the Lawsuit, including

but not limited to Defendant's claims relating to the horsepower of the Treadmills, or that arise from or relate to any act, harm, omission, matter, representation, cause, occurrence, or event whatsoever arising out of the initiation, defense, or settlement of the Lawsuit or the claims or defenses asserted in the Lawsuit, including all claims for out-of-pocket expense, consequential damages, diminution in value, benefit of the bargain, cost of repair or replacement, cost of maintenance, premium price damages, or any other damages theory or based on conduct by the Released Parties (Defendants) alleged to be negligent or intentional, with or without malice, or an alleged breach of any duty now existing or later arising.

113.    The Released Claims specifically exclude claims for product liability seeking to recover for personal injury, property damage, and emotional distress for Class Members other than Plaintiff.

114.    By executing this Agreement, the Parties acknowledge that, upon entry of the Final Approval Order by the Court, the Lawsuit shall be dismissed with prejudice, an order of dismissal with prejudice shall be entered, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released as to the Released Parties as of the Effective Date. The Final Approval Order shall provide for and effect the full and final release by Class Members of all Released Claims.

115.    Plaintiff and Class Members knowingly and voluntarily waive Section 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or settlement with the debtor.**

Plaintiff and Class Members expressly waive and relinquish all rights and benefits that they may have under, or that may be conferred on them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States or territories, to the fullest extent they may lawfully waive

such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, Plaintiff and Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that they have against the Released Parties (Defendants). In furtherance of such intention, the release given by Plaintiff and Class Members to the Released Parties (Defendants) shall be and remain in effect as a full and complete general release of all claims notwithstanding the discovery or existence of any such additional different claims or facts.

116. Plaintiff expressly consents that this release shall be given full force and effect according to each of its terms and provisions, including those relating to unknown and unspecified claims, injuries, demands, rights, lawsuits, or causes of action as referenced above. Plaintiff acknowledges and agrees that this waiver is an essential and material term of this release and the compromise settlement that led to it, and that without this waiver the compromise settlement would not have been accomplished. Plaintiff has been advised by his or her attorney with respect to this waiver and, being of competent mind, understands and acknowledges its significance.

117. Each Party expressly accepts and assumes the risk that, if facts with respect to matters covered by this Agreement are found to be other than or different from the facts now believed or assumed to be true, this Agreement shall nevertheless remain effective. It is understood and agreed that this Agreement shall constitute a general release and shall be effective as a full and final accord and satisfaction and is a bar to all actions, causes of action, costs, expenses, attorney fees, damages, claims, and liabilities whatsoever, whether or not now known, suspected, claimed or concealed, pertaining to the Released Claims of this Agreement.

## XII.  COVENANT NOT TO SUE

118.  Plaintiff, on behalf of himself and all Class Members, (a) covenants and agree that neither Plaintiff nor any Class Member, nor anyone authorized to act on behalf of any of the Plaintiff or any Class Member, will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in this Agreement, against the Released Parties (Defendants), or any of them, in either their personal or corporate capacity, or against third parties such as retailers, dealers, or distributors that sell or market Treadmills, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any alleged loss, harm, or damages allegedly caused by the Released Parties (Defendants), or any of them, in connection with the Released Claims, the Treadmills, or claims that relate to the allegations of the Lawsuit; (b) waive and disclaim any right to any form of recovery, compensation, or other remedy in any suchaction or proceeding brought by or on behalf of any of them; and (c) agree that this Agreement shall be a complete bar to any such action.

119.  Plaintiff and Class Members are hereby permanently barred and enjoined from seeking to use the class action procedural device (or any analogue of or counterpart to it) in any future lawsuit against the Released Parties, where the lawsuit asserts claims that were or could have been brought in the Lawsuit before entry of the Final Approval Order and are not otherwise released and discharged by this Agreement.

120.  If Plaintiff or any of the Class Members violates this Section, whether by filing any claim, lawsuit, arbitration, petition, administrative action, or other proceeding, Defendant are entitled to payment of their attorneys' fees, costs, and expenses, including expert fees in connection with responding to or defending such claim, lawsuit,arbitration, petition, administrative action, or other proceeding.

## XIII.  REPRESENTATIONS AND WARRANTIES

Each of the Parties represents and warrants to, and agrees with, each of the other Parties as follows:

121.    To the extent permitted by law and the applicable rules of professional conduct, Class Counsel represent and warrant that they do not have any present intention to file any lawsuit, class action, or claim of any kind against Defendant in any jurisdiction, including other states or countries, relating to the claimed misrepresentations or omissions at issue in the Lawsuit or Defendant's response to or efforts to address such claimed misrepresentations or omission relating to Defendant's Treadmills. Class Counsel further represent and warrant that they will not contact any other attorney or law firm to discuss or encourage pursuing litigation related to such alleged issues. The foregoing shall not restrict the ability of Class Counsel to fulfill their responsibilities to absent Class Members in connection with the settlement proceedings in the Lawsuit.

122.    To the extent permitted by law and the applicable rules of professional conduct, the Settlement is conditioned on Plaintiff's and Class Counsel's agreement not to cooperate with any other lawyers who are litigating or who wish to litigate any issue relating to the issues in the Lawsuit or Defendant's response to or efforts to address such issues relating to any of Defendant's Treadmills. The foregoing shall not restrict the ability of Class Counsel to fulfill their responsibilities to absent Class Members in connection with the settlement proceedings in the Lawsuit, nor shall it restrict Class Counsel's responsibility to respond to orders of any court or other legal obligation.

123.    Each Party has had the opportunity to receive, and has received, independent legal advice from his, her, or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Agreement, and the legal and income-tax consequences of this Agreement, and fully understands and accepts the terms of this Agreement.

124.    Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action against any of the Released Parties (Defendants) that Plaintiff has or may have

arising out of the Lawsuit or pertaining to the design, manufacture, testing, marketing, purchase, use, sale, servicing, or disposal of any of Defendant's Treadmills, and no portion of any recovery or settlement to which Plaintiff may be entitled, has been assigned, transferred, or conveyed by or for Plaintiff in any manner; and no Person or entity other than Plaintiff has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiff himself.

125.    None of the Parties relies or has relied on any statement, representation, omission, inducement, or promise of the other Party (or any officer, agent, employee, representative, or attorney for the other Party) in executing this Agreement, or in making the Settlement provided for herein, except as expressly stated in this Agreement.

126.    Each of the Parties has investigated the facts pertaining to the Settlement and this Agreement, and all matters pertaining thereto, to the full extent deemed necessary by that Party and his, her, or its attorneys.

127.    Each of the Parties has carefully read, and knows and understands, the full contents of this Agreement and is voluntarily entering into this Agreement after having had the opportunity to consult with, and having in fact consulted with, his, her, or its attorneys.

128.    Each term of this Agreement is contractual and not merely a recital.

**XIV.    MISCELLANEOUS**

129.    <u>Extensions of Time</u>.    Unless otherwise ordered by the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Agreement and Settlement.

130.    <u>Default or Breach</u>. Defendant represents that it will make good-faith efforts to meet the various deadlines that apply to it under this Agreement. Defendant's failure, for any reason, to meet any applicable deadline shall not constitute a default or breach of this Agreement without formal, written notice by Class Counsel and without a reasonable opportunity for Defendant to cure the claimed

default or breach. If Class Counsel maintain that any action or inaction constitutes a default or breach of this Agreement, then the Settling Parties shall meet and confer. If reasonable efforts do not cure any claimed default or breach after a reasonable period of time, only then may a Settling Party involve the Court. The waiver by Plaintiff of any default or breach of this Agreement shall not be deemed a waiver of any other claimed default or breach by Defendant.

131. <u>Number of Treadmills Sold.</u> The Settlement is premised on Defendant's representation that Defendant sold, as of the date of this Agreement, approximately 200,000 Treadmills. If, as of the date of the Agreement, the number of Treadmills sold exceeds 225,000, then Class Counsel, at their discretion, may consider Defendant to be in default or breach of this Agreement. Plaintiff's sole remedy for such a default or breach shall be termination of this Agreement.

132. <u>Exhibits</u>. All of the exhibits or attachments to this Agreement are material and integral parts of this Agreement and are incorporated by reference as if fully set forth here.

133. <u>Severability</u>. With the exception of the provision for attorneys' fees and costs to Class Counsel and Service Awards to Plaintiff pursuant to Sections IX and X of this Agreement, none of the terms of this Agreement is severable from the others. If the Court or a court of appeals should rule that any term is void, illegal, or unenforceable for any reason, however, Defendant, in its sole discretion, and Plaintiff, in his sole discretion (but acting in accord with his duties and obligations as Class Representative of the Settlement Class), may elect to waive any such deficiency and proceed with the Settlement under the terms and conditions approved by the Court.

134. <u>Entire Agreement of the Parties</u>. This Agreement constitutes and comprises the entire agreement between the Parties concerning the Settlement. No representations, warranties, or inducements have been made by any Party concerning the Settlement or this Agreement other than those contained and memorialized in this Agreement. This Agreement supersedes all prior and contemporaneous oral and written agreements and discussions concerning resolution of the Lawsuit.

It may be amended only by an agreement in writing, signed by the Parties.

135.    <u>Binding on Agents, Successors, and Assigns</u>. This Agreement is binding on, and shall inure to the benefit of, the Parties and their respective agents, employees, representatives, officers, directors, parents, subsidiaries, assigns, executors, administrators, insurers, and successors in interest.

136.    <u>Third-Party Beneficiaries</u>. All Released Parties other than the signatories to this Agreement are intended to be third-party beneficiaries of this Agreement.

137.    <u>Taxes</u>. Members of the Settlement Class, Plaintiff and Class Counsel shall be responsible for paying any and all federal, state, and local taxes that may be due on account of any payment or benefit conferred pursuant to this Agreement.

138.    <u>Cooperation in Implementation</u>. Defendant, Plaintiff, and their respective counsel agree to prepare and execute any additional documents that may reasonably be necessary to effectuate the terms of this Agreement.

139.    <u>Notices</u>. Any formal or informal notices provided for, required by, or relating to this Agreement shall be provided to:

For Plaintiff and the Settlement Class:

W. B. Markovits
MARKOVITS, STOCK & DEMARCO, LLC
3825 Edwards Road, Suite 650
Cincinnati, Ohio 45209
(513) 61-3700
bmarkovits@msdlegal.com

For Defendant:

D. Jeffrey Ireland
Brian D. Wright
FARUKI PLL
110 North Main Street
Suite 1600
Dayton, OH 45202
(937) 227-3710
djireland@ficlaw.com

140. <u>Governing Law.</u> This Agreement shall be construed and governed in accordance with federal procedural law and the substantive laws of the State of Ohio, without regard to Ohio's conflict-of-laws principles.

141. <u>Jurisdiction.</u> Without affecting the finality of any order, the Court shall retain jurisdiction over the Parties and the Agreement with respect to implementation and enforcement the terms of the Settlement. All Settling Parties and Class Members submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement and this Agreement and all related matters.

142. <u>No Drafter.</u> None of the Parties to this Agreement shall be considered to be the primary drafter of this Agreement or any part of it for purposes of any rule of construction or interpretation.

143. <u>Construction.</u> This Agreement shall not be construed more strictly against one Party than another, or in favor of one Party or another, merely by virtue of the fact that it or any part of it may have been prepared by counsel for one of the Parties. This Agreement and each part of it is the result of arm's-length negotiations among the Parties.

144. <u>Counterparts.</u> This Agreement may be executed in counterparts, including signature transmitted by facsimile or in PDF format. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

145. <u>Signature.</u> By signing, Class Counsel represent and warrant that Plaintiff Robert Walker has approved and agreed to be bound by this settlement. By signing, all counsel and any other person signing this Agreement represent and warrant that they have full authority to do so and that they have the authority to take appropriate action to effectuate the terms of this Agreement.

On Behalf of the Plaintiff and the Settlement Class:

/s/ _W.B. Markovits_____

W.B. Markovits
Terence R. Coates
Justin C. Walker
Markovits, Stock, & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
(513) 651-3700
bmarkovits@msdlegal.com

_____
Nathan D. Prosser (*pro hac vice*)
Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 9410-4005
nprosser@hjlawfirm.com

/s/ _Bryan L. Bleichner_____
Bryan L. Bleichner (*pro hac vice*)
Jeffrey D. Bores (*pro hac vice*)
Chestnut Cambronne, PA
100 Washington Avenue South
Suite 1700
Minneapolis, MN 55401
(612) 339-7300
bbleichner@chestnutcambronne.com

On Behalf of Defendant:

/s/ *Brian D. Wright*_____
D. Jeffrey Ireland
Brian D. Wright
Faruki PLL
110 North Main Street
Suite 1600
Dayton, OH 45202
(937) 227-3710
djireland@ficlaw.com

/s/ _Robert Walker_____
Robert Walker
813 Township Road 179
Bellefontaine, OH 43311

/s/ _____
[Name]
[Title]
Nautilus, Inc.

_/s/  W.B. Markovits_
W.B. Markovits
Terence R. Coates
Justin C. Walker
Markovits, Stock, & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
(513) 651-3700
bmarkovits@msdlegal.com


Nathan D. Prosser (*pro hac vice*)
Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 9410-4005
nprosser@hjlawfirm.com


_/s/  Bryan L. Bleichner_
Bryan L. Bleichner (*pro hac vice*)
Jeffrey D. Bores (*pro hac vice*)
Chestnut Cambronne, PA
100 Washington Avenue South
Suite 1700
Minneapolis, MN 55401
(612) 339-7300
bbleichner@chestnutcambronne.com


On Behalf of Defendant:

_/s/_____
D. Jeffrey Ireland
Brian D. Wright
Faruki PLL
110 North Main Street
Suite 1600
Dayton, OH 45202
(937) 227-3710
djireland@ficlaw.com

_/s/  Robert Walker_
Robert Walker
813 Township Road 179
Bellefontaine, OH 43311


_/s/_____
Alan Chan
Chief Legal Officer
Nautilus, Inc.

# EXHIBIT

# A

# If you purchased a Nautilus, Bowflex or Schwinn Treadmill, you may be entitled to benefits from a class action Settlement.

### A Federal Court authorized this Notice. This is not a solicitation from a lawyer.

Please be advised that the Plaintiff, Robert Walker ("Plaintiff") has reached a proposed settlement in *Walker v. Nautilus, Inc.*, Case No. 2:20-cv-3414, a class action lawsuit (the "Lawsuit") with Defendant Nautilus, Inc. ("Defendant" or "Nautilus") concerning certain Bowflex, Schwinn, and Nautilus treadmills ("Treadmills").[1]

**PLEASE READ THIS NOTICE CAREFULLY.** If you live within the United States and its territories and purchased a Bowflex, Schwinn, or Nautilus treadmill between July 7, 2016 and _____, your rights may be affected whether or not you act.

### YOUR LEGAL RIGHTS ARE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DON'T ACT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM**<br><br>Deadline: _____ | Submitting a Claim Form is the only way to be eligible to receive any benefit under this Settlement. |
| **EXCLUDE YOURSELF**<br><br>Deadline: _____ | Excluding yourself, or "opting-out," is the only option that allows you ever to be part of another lawsuit against Nautilus about the claims resolved by this Settlement. If you exclude yourself from or opt out of this Settlement, you will not be able to get any benefits from it. |
| **OBJECT**<br><br>Deadline: _____ | Mailing an objection is the only way to notify the Court that you are unhappy with any aspect of the Settlement. You cannot object to the proposed Settlement unless you are a Class Member. |
| **APPEAR AND BE HEARD AT THE FAIRNESS HEARING**<br><br>Deadline: _____ | You must file a Notice of Intention to Appear with the Court if you wish to speak at the Fairness Hearing. |
| **GO TO THE HEARING ON _____,**<br><br>Deadline: _____ | You may attend the hearing, but you do not have to do so. The Court will hold the Fairness hearing at ____ a.m./p.m. on _____, at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, OH 43215, in Courtroom 301. |
| **DO NOTHING** | If you are a Class Member and do not submit a Claim Form by _____ you will not receive any benefit from the Settlement and you will give up your right to ever be part of another lawsuit against Nautilus regarding the legal claims resolved by this Settlement. |

If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Nautilus or its legal counsel. All questions should be directed to the Settlement Administrator (see paragraph 25 below). You may also contact Class Counsel.

1. **Description of the Lawsuit and Class:** This Notice relates to a proposed class action Settlement of a case alleging that Nautilus made misrepresentations regarding the horsepower of its Treadmills. Plaintiff alleges that, as a

---

[1] All capitalized terms used in this notice that are not otherwise defined herein shall have the meaning provided in the Class Action Settlement Agreement and Release dated November 5, 2021 ("Settlement Agreement"), which is available online on the website for this Lawsuit at www.NautilusTreadmillSettlement.com.

result, he and others Class Members paid more for the Treadmills than they would have absent the alleged misrepresentations. Nautilus denies the allegations in the Lawsuit and has asserted numerous defenses. The Court has not ruled on the merits of Plaintiff's claims or on Nautilus's denial of the claims or on Nautilus's defenses, with the exception of denying Nautilus's motion to compel arbitration. The proposed Settlement, if approved by the United States District Court for the Southern District of Ohio (the "Court") will settle claims of the following class of persons and entities (the "Class"):

> **All Persons within the United States and its territories who: (a) purchased a Bowflex, Nautilus, or Schwinn treadmill from July 7, 2016 through the date preliminary approval of the settlement is granted, primarily for personal, family, or non-commercial purposes, and not for resale. Excluded from the Class are: Defendant and its officers and directors; Class Counsel and their partners, associates, lawyers, and employees; and the judicial officers and their immediate family members and associated Court staff assigned to this case.**

     **2.**    **Benefits Available to Class Members:** Class Members who timely submit a Valid Claim are eligible for the following benefits:

> **a.** a *pro rata* share of a Common Fund of $4,250,000.00, after Attorneys' Fees and Expenses, Administration and Notice Expenses, and a Service Award, if any; and
>
> **b.** a one-year subscription to Nautilus's JRNY app or, for those Class Members already subscribed, a one-year extension.
>
> **c.** **Injunctive relief in that Defendant has agreed to stop making the CHP representations at issue in this case and to affix a disclaimer to any future horsepower representations made in connection with the sale and/or marketing of Defendant's treadmills.**

If there is a 20% claims rate, the payment per Claimant is estimated to be in excess of $50. The one-year subscription is valued at approximately $150.00.

     **3.**    **Reasons for the Settlement:** Both sides agreed to a Settlement to avoid the costs and risks of further litigation and to provide benefits to Class Members. The Class Representatives and the lawyers representing them (called "Class Counsel") believe that the Settlement is in the best interests of all Class Members.

     **4.**    **Attorneys' Fees, Expenses, and Service Awards Sought:** This Lawsuit has been prosecuted on behalf of Plaintiff on a wholly contingent basis by the firms of Markovits, Stock & DeMarco, LLC, Hellmuth & Johnson, PLLC, and Chestnut Cambronne, PA. These firms have received no payment of attorneys' fees for their representation of the Class and have advanced expenses necessarily incurred to prosecute this Lawsuit. Class Counsel have reviewed the factual and legal bases for the claims asserted in the Lawsuit and conducted appropriate investigation regarding those claims, have litigated the lawsuit prior to the proposed Settlement, and have examined and considered the benefits to be provided to the Class Members under the Settlement.

     The Parties have not reached any agreement on the amount of Attorneys' Fees and Expenses that Class Counsel will be paid, except that the Parties agree Class Counsel is entitled to an award of Attorneys' Fees and Expenses. Defendants have no liability or obligation with respect to any Attorneys' Fees and Expenses, Settlement Administration and Notice Expenses, or Service Award to the Plaintiff—these amounts will be awarded by the Court and paid out of the $4.25 million Common Fund. Class Counsel has agreed its Attorneys' Fees request will not exceed one-third of the Common Fund. Class Counsel intends to seek reimbursement for reasonable expenses incurred in pursuit of the litigation, not to exceed $75,000. Class Counsel also intends to request Court approval of a Service Award to Plaintiff and Class Representative Robert Walker in the amount of $5,000.00 to compensate Plaintiff for his efforts in pursuing this Lawsuit. Nautilus has no objection to the proposed Attorneys' Fees and Service Award requests.

     **5.**    **Identification of Class Counsel**: Named Plaintiffs and the Class are being represented by W.B. Markovits, Terence Coates and Justin Walker of Markovits, Stock & DeMarco, LLC, 3825 Edwards Road, Suite 650, Cincinnati, OH 45209; Nathan Prosser of Hellmuth & Johnson, PLLC, 8050 West 78th Street, Edina, MN 55439; and Bryan Bleichner and Jeffrey Bores of Chestnut Cambronne, PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MC 55401.

Why Did I Get This Notice And Does It Apply To Me?.......................................................................Page 3
What Is This Case About?.................................................................................................................Page 4
Why Is There A Settlement?..............................................................................................................Page 4
What Might Happen If There Were No Settlement? ..........................................................................Page 4
What Benefits Might I Receive From The Settlement?.......................................................................Page 5
What Rights Am I Giving Up By Receiving Benefits and Staying In the Settlement Class? ...............Page 5
What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid?............Page 5
How Do I Participate In The Settlement? What Do I Need To Do? ....................................................Page 5
How Do I Exclude Myself From the Settlement Class? ......................................................................Page 5
How Do I Object To The Settlement?.................................................................................................Page 6
When And Where Is The Fairness Hearing? Am I Required To Attend The Fairness Hearing?
May I Speak At The Hearing If I Don't Like The Settlement? .............................................................Page 6
How Do I Get More Information About this Case?..............................................................................Page 7

| WHY DID I GET THIS NOTICE AND DOES IT APPLY TO ME? |
|---|

6.  This Notice is provided pursuant to an Order of the Court because Class Members who might have purchased a Treadmill between July 7, 2016 and the date of Preliminary Approval (_____). The Court has directed that a Short Form Notice be sent to potential Class Members because, as a potential Class Member, they have a right to know about the options before the Court rules on the proposed Settlement. Additionally, they have the right to understand how a class action lawsuit may generally affect their legal rights. If the Court approves the Settlement, Angeion Group, the Settlement Administrator approved by the Court, will distribute the benefits (detailed below) of this Settlement after any objections and appeals are resolved.

7.  In a class action lawsuit, under state and federal law governing lawsuits such as this one, the Court approves one or more plaintiffs (known as class representatives) to represent the class and to oversee the litigation brought on behalf of all persons or entities with the same or similar claims, commonly known as the class or the class members. In this Lawsuit, Plaintiff Robert Walker is the class representative, and Class Counsel (identified in paragraph 5 above) represent the Plaintiff and the Class Members. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with consistent and efficient adjudication of their claims. As part of the Settlement in this case, the Class as described in paragraph 1 above will be certified. Accordingly, the Settlement, if approved by the Court, will resolve all issues on behalf of the Class Members, except for anyone who requests to be excluded from the Settlement.

8.  The Court in charge of this case is the United States District Court for the Southern District of Ohio, and the case is known *as Robert Walker v. Nautilus, Inc.* Case No. 2:20-cv-3414. The judge presiding over this Lawsuit is the Honorable Edmund A. Sargus, Jr., United States District Judge. The person suing is called the "Plaintiff" and the company being sued is called the "Defendant."

9.  This Notice explains the Lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive the benefits. The purpose of this Notice is to inform you that a settlement has been reached in this Lawsuit and how you might be affected. It is also to inform you of the terms of the proposed Settlement, and of a Hearing on the Final Approval of the Settlement to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, and the motion of Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses (the "Fairness Hearing").

10.  The Fairness Hearing will be held on _____ at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, OH 4321 in Courtroom 301 to determine,

a)  whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

b)  whether the Lawsuit should be dismissed with prejudice against the Defendant as set forth in the Settlement Agreement;

c) whether Class Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses should be approved by the Court;

d) whether the Service Award to the Plaintiff should be approved by the Court; and,

e) any other relief the Court deems necessary to effectuate the terms of the Settlement.

11.     This Notice does not express an opinion by the Court concerning the merits of any claim in this Lawsuit, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, benefits of the Settlement will be given to Class Members who submit Valid Claims after any appeals are resolved, and after the completion of all claims processing. The claims process could take substantial time to complete fully and fairly as there are over a hundred thousand Class Members. Please be patient. The Settlement website, www.NautilusTreadmillSettlement.com, will be updated on a regular basis to provide Class Members with the most recent information.

12.     If you are a member of the Class, you are subject to the Settlement unless you take the steps set forth below to exclude yourself. The Class consists of:

**All Persons within the United States and its territories who: (a) purchased a Bowflex, Nautilus, or Schwinn treadmill from July 7, 2016 through the date preliminary approval of the settlement is granted, primarily for personal, family, or non-commercial purposes, and not for resale. Excluded from the Class are: Defendant and its officers and directors; Class Counsel and their partners, associates, lawyers, and employees; and the judicial officers and their immediate family members and associated Court staff assigned to this case.**

**PLEASE NOTE: RECEIPT OF THE SHORT FORM NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE BENEFITS FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT BENEFITS, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM ONLINE OR SO THAT IT IS RECEIVED NO LATER THAN _____.**

| WHAT IS THIS CASE ABOUT? |
| --- |

### Summary of Procedural History and Arms' Length Settlement Negotiations

13. On July 7, 2020, Named Plaintiff and proposed Class Representative Robert Walker filed a complaint against Defendant Nautilus, Inc. alleging that Nautilus made misrepresentations regarding horsepower attributes in the advertising, marketing and sale of its treadmills sold under the brand names Nautilus, Schwinn and Bowflex. (Doc. 1, Complaint). Plaintiff asserted claims for: 1) breach of express warranty (nationwide class); 2) breach of express warranty under the Magnuson-Moss Warranty Act (nationwide class); 3) breach of express warranty (Ohio class); 4) breach of implied warranty (nationwide class); 5) breach of implied warranty under the Magnuson-Moss Warranty Act (nationwide class); 6) violation of the Ohio Consumer Sales Practices Act (Ohio class); and 7) negligent misrepresentation (Ohio class). *Id.* Plaintiff sought certification of a nationwide class of purchasers, as well as an Ohio class. *Id.*

Defendant Nautilus has at all times disputed, and continues to dispute, Plaintiff's allegations in the Lawsuit and denies any liability for any of the claims that have or could have been raised in the Lawsuit by Plaintiff or the Class Members.

| WHY IS THERE A SETTLEMENT? |
| --- |

14.     Plaintiff's principal reason for consent to the Settlement is that it provides immediate and substantial benefits to the Class in the form of both monetary compensation and a valuable fitness app subscription. The benefits provided by the proposed Settlement must be compared to the risk that no recovery might be achieved after further contested litigation, including appeals, which likely would last several years into the future.

15.     Nautilus's principal reason for consent to the Settlement is to avoid the uncertainty, burden, and expense of further protracted litigation. Nautilus has expressly denied and continues to deny all assertions of wrongdoing or liability arising out of any of the conduct, statements, or acts, alleged against them, or that could have been alleged, in this Lawsuit. Nautilus continues to believe that the claims in this Lawsuit are meritless.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| --- |

16.     If there were no Settlement and Plaintiff failed to establish any essential legal or factual element of his claims, neither Plaintiff nor the other members of the Class would recover anything from Nautilus. Also, if Nautilus were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHAT BENEFITS MIGHT I RECEIVE FROM THE SETTLEMENT?

17.     The Settlement provides two primary benefits that Class Members submitting a valid claim can receive. Class Members who timely submit a Valid Claim are eligible for the following benefits: (1) a pro rata share of a Common Fund of $4,250,000.00, after Attorneys' Fees and Expenses, Administration and Notice Expenses, and a Service Award, if any; and (2) a one-year subscription to Nautilus's JRNY app or, for those Class Members already subscribed, a one-year extension. If there is a 20% claims rate, the payment per Claimant is estimated to be in excess of $50. The one-year subscription is valued at approximately $150.00.

## WHAT RIGHTS AM I GIVING UP BY RECEIVING BENEFITS AND STAYING IN THE SETTLEMENT CLASS?

18.     Unless you exclude yourself, you are staying in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. Generally, that means you will not be able to sue, continue to sue, or be part of any other lawsuit against Nautilus for the legal issues and claims resolved by this Settlement. The specific rights you are giving up are called Released Claims.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

19.     Class Counsel identified in paragraph 5 above have not received any payment for their services in pursuing claims against Nautilus on behalf of the Class, nor have they been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel intends to ask the Court to award them up to one-third of the Common Fund for attorneys' fees, plus reimbursement of the litigation expenses and costs they incurred. Class Counsel will also ask for a service award of $5,000 to be paid to the Class Representative. All of these amounts will be paid from the Common Fund prior to the pro rata distribution to Class Members. Nautilus does not oppose these requests.  Class Members are not personally liable for any such attorneys' fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

20.     To be eligible for benefits from the Settlement, you must be a member of the Class and you must submit a timely and valid Claim Form through the Class Website (www.NautilusTreadmillSettlement.com) **no later than** _____, or execute and return by U.S. mail a completed Claim Form **so that it is received no later than** _____. A Claim Form may be obtained from www.NautilusTreadmillSettlement.com, or you may request that a Claim Form be mailed to you by emailing the Settlement Administrator, at info@NautilusTreadmillSettlement.com. If you are excluded from the Class by definition or file a request to opt out of the Class or if you do not submit a timely and valid Claim Form, you will not be eligible to share in the benefits of the Settlement.

## HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?

21.     If you want to keep the right to sue or continue to sue Nautilus about the legal claims in this lawsuit, and you do not want to receive any benefits from this Settlement, you must take steps to exclude yourself from the Settlement. This is sometimes called "opting out" of the Settlement Class.

22.     To exclude yourself from the Settlement, you must complete and send to the Settlement Administrator a letter stating: "I want to be excluded from the Settlement Class in *Robert Walker v. Nautilus, Inc.,* Case No. 2:20-cv-3414." Your Opt-Out Form or request for exclusion must be sent to the Settlement Administrator at the address below so that it is received no later than _____.

### Class Action Opt Out/Objection
### Nautilus Settlement Claims Administrator
PO Box 58220
1500 John F. Kennedy Blvd., Suite C31
Philadelphia, PA 19102

23.     If you choose to exclude yourself from the Settlement, you are telling the Court that you do not want to be part of the Settlement Class in this Settlement. You can only get Settlement benefits if you stay in the Settlement Class and submit a valid Claim Form for the benefits as described above.

24.     If you choose to exclude yourself from the Settlement, you are not giving up the right to sue Nautilus for the claims that this Settlement resolves and releases. You must exclude yourself from this Settlement Class to start or continue with your own lawsuit or be part of any other lawsuit against Nautilus.

## HOW DO I OBJECT TO THE SETTLEMENT?

25.     Any Class Member who does not submit a request for exclusion from the Class may object to the proposed Settlement, or Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, or the Plaintiff's Service Award. Objections must be in writing. To object to the Settlement, you must give reasons why you think the Court should not approve it. The Court will consider your views before making a decision. In order to have your objection considered, you or your attorney must mail the written objection to Class Counsel, Nautilus's Counsel, the Settlement Administrator, and the Court. Your objection must contain: (a) the full name, address, telephone number, and email address of the objector; (b) the serial number(s) for the objector's Treadmill(s); (c) a written statement of all grounds for the objection accompanied by any legal support for such objection; (d) copies of any papers, briefs, or other documents on which the objection is based; (e) a list of all cases in which the objector and/or objector's counsel had filed or in any way participated in—financially or otherwise—objecting to a class action settlement in the preceding five years; (f) the name, address, email address, and telephone number of all attorneys representing the objector; (g) a statement indicating whether the objector and/or the objector's counsel intends to appear at the Fairness Hearing, and, if so, a list of all persons, if any, who will be called to testify in support of the objection; and (h) the objector's signature. Class Members who fail to make objections in the manner specified in this Section will be deemed to have waived any objections and will be foreclosed from making any objection to the Settlement or this Agreement (whether by appeal, collateral proceeding, or otherwise). You must mail your written objection to the following addresses:

| Objections – Nautilus Settlement Administrator | Court |
|---|---|
| PO Box 58220 <br> 1500 John F. Kennedy Blvd., Suite C31 <br> Philadelphia, PA 19102 | Office of the Clerk <br> Potter Stewart U.S. Courthouse <br> Room 103 <br> 100 East Fifth Street <br> Cincinnati, OH 45202 |
| **Class Counsel** | **Nautilus's Counsel** |
| Bill Markovits <br> Markovits, Stock & DeMarco, LLC <br> 3825 Edwards Road <br> Suite 650 <br> Cincinnati, OH 45209 | D. Jeffrey Ireland <br> Faruki PLL <br> 110 North Main Street <br> Suite 1600 <br> Dayton, OH 45402 |

26.     You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Fairness Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise. The Fairness Hearing is described in more detail in paragraphs _____ below.

27.     There is a difference between objecting to the Settlement and requesting to exclude yourself (opt-out) from the Settlement. Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class (*i.e.*, do not exclude yourself). Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you cannot object because the Settlement no longer affects you.

## WHEN AND WHERE IS THE FAIRNESS HEARING? AM I REQUIRED TO ATTEND THE FAIRNESS HEARING? MAY I SPEAK AT THE FAIRNESS HEARING IF I DON'T LIKE THE SETTLEMENT?

28.     The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak at the hearing, but you do not have to do so. The Court will hold the Fairness hearing at _____ a.m./p.m. on _____, at the Joseph P. Kinneary U.S. Courthouse, 85 Maroni Boulevard, Columbus, OH 43215, in Courtroom 301. At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections that were received by the deadline, the Court will then consider them. If you submit a timely objection, the Court will also listen to you speak at the hearing, if you so request.

29.     You are not required to attend the Fairness Hearing but are welcome to attend. If you send an objection, then you can, but are not obligated to, come to Court to discuss it if you filed a Notice of Appearance and the Court permits. You may also pay your own lawyer to attend or discuss your objection, but that is not necessary.

30.     You may ask the Court to permit you to speak at the Fairness Hearing. To do so, you must file a written request with the Court saying that it is your "Notice of Intent to Appear at the Fairness Hearing in *Robert Walker v. Nautilus, Inc.* Case No. 2:20-cv-3414. If you plan to have your own attorney speak for you at the hearing, you must also include the name, address, and telephone number of the attorney who will appear. Your written request must be sent to the Clerk of Court, Class Counsel, the Settlement Administrator, and Nautilus's Counsel at their addresses above. You may not be permitted to speak at the hearing if your Notice of Intent to Appear is late.

**HOW DO I GET MORE INFORMATION ABOUT THIS CASE?**

31.     This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement filed with the Court. You may examine the Court's file in the Clerk's Office at the United States District Court for the Southern District of Ohio, Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, OH 43215 for more complete information about the details of the lawsuit and the proposed settlement. You also may visit the Settlement Website at www.NautilusTreadmillSettlement.com, where the Settlement Agreement is posted. Relevant case filings will be added to the Settlement Website as Settlement proceedings continue.

# EXHIBIT

# B

A settlement has been reached in a class action lawsuit, *Robert Walker v. Nautilus, Inc.*, Case No. 2:20-cv-3414, pending in the United States District Court for the Southern District of Ohio, Eastern Division. Between 2016 and 2021, Defendant marketed and sold Nautilus, Schwinn and Bowflex treadmills. Plaintiff claims that Defendant made misrepresentations regarding the horsepower of its treadmills, causing he and other Class Members to pay more than they would have absent the alleged misrepresentations. Defendant vigorously denies that it violated any law but has agreed to the Settlement to avoid the expenses associated with continuing the litigation. This Notice summarizes the proposed Settlement. Under the Settlement, Defendant agreed to create a non-reversionary Common Fund of $4,250,000 for the benefit of the Settlement Class and from which to pay, subject to the Court's approval, any attorneys' fees and expenses, a service award to Plaintiff, notice and administration costs, and pro rata payments to Class Members. For the precise terms and conditions of the Settlement, please see the Notice of Settlement and review the Settlement Agreement, available at **www.NautilusTreadmillSettlement.com**.

**Am I a Class Member?** Defendant's or retailers' records indicate you are a Class Member, because you purchased a treadmill manufactured by Defendant during the period July 7, 2016 and on or before _____.

**What Can I Get?** If the Settlement is approved by the Court, you are eligible to receive money. If approved, the amount of payment will depend on the number of Settlement Class Members who can be located and make a claim, the amount of approved attorneys' fees, costs, the Class Representative service award, and administration costs. In addition, you are eligible to receive a one-year subscription, or subscription renewal, to Defendant's JRNY app.

**How Do I Receive Settlement Benefits?** You will be eligible to receive money and a subscription benefit under the Settlement, unless you opt out of the Settlement Class by making a claim. If you would like to update your address, please visit **www.NautilusTreadmillSettlement.com**.

**What Are My Other Options?** You may exclude yourself from the Settlement Class by mailing a written notice to the Settlement Administrator by _____, 2022**.** If you exclude yourself, then you cannot receive a settlement payment or subscription benefit, but you will not be bound by the Settlement. If you do not exclude yourself, then you may object to the Settlement, and you or your lawyer can appear before the Court. Your written objection must be submitted to the Settlement Administrator, counsel and the Court no later than _____, 2022**.** Specific instructions on how to exclude yourself from the Settlement or object are available at **www.NautilusTreadmillSettlement.com.**

**Who Represents Me?** The Court has appointed lawyers from three firms to serve as Lead Class Counsel. They will petition to be paid legal fees and their reasonable expenses from the Settlement Fund. You may hire your own lawyer at your expense if you so choose.

**When Will the Court Consider the Settlement?** The Court will hold a final approval hearing on _____, 2022 at ____ **a.m.** at Joseph P. Kinneary U.S. Courthouse, Room 301, 85 Marconi Boulevard, Columbus, OH 43215. At that hearing, the Court will hear timely objections concerning the fairness of the Settlement, decide whether to approve the requested attorneys' fees of up to one-third of the Settlement Fund plus reasonable out of pocket costs not to exceed $75,000, the requested Class Representative payment of $5,000, and administration costs.

**How Do I Get More Information?** For more information, go to **www.NautilusTreadmillSettlement.com**, or contact the Settlement Administrator at (___) _____.

**COURT ORDERED SETTLEMENT NOTICE**

*Robert Walker v. Nautilus, Inc.*

**Class Action Notice**

Opt-Out Deadline:
**_____, 2022**

---

Nautilus Treadmill Settlement
_____
_____

FIRST CLASS
MAIL
US POSTAGE
PAID
Permit#__

[Postal barcode]
Postal Service: Please do not mark barcode.

Claim Number: [TVX123456789]
Confirmation Code: [125wed6985]

[MailingID]
[NAME]
[ADDR1]
[ADDR2]
[CITY], [ST] [ZIP]

# EXHIBIT

# C

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

*Robert Walker v. Nautilus, Inc.*
Case No. 2:20-cv-3414

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**Dear [INSERT NAME],**

This court-authorized notice has been sent to you because a settlement has been reached in a class action lawsuit involving Nautilus, Schwinn and Bowflex treadmills that was brought against Defendant Nautilus, Inc. ("Nautilus"). You may be eligible to receive a settlement payment and other benefits as you have been identified as a potential Settlement Class Member. Please read this notice carefully, as it explains your legal rights in this matter.

**What Is the Lawsuit About?**

Defendant sells Nautilus, Schwinn and Bowflex treadmills ("Treadmills"). Plaintiff alleges that Defendant made misrepresentations regarding the horsepower of its Treadmills and, as a result, he and other Class Members paid more for the Treadmills than they would have absent the alleged misrepresentation. Nautilus denies the allegations.

Under the Settlement, Defendant agree to create a Common Fund of $4,250,000.00 from which to pay, subject to the Court's approval: (a) attorneys' fees and expenses to Class Counsel; (b) a service award; (c) notice and administration costs; and (d) a pro rata share of remaining Common Fund monies to Class Members asserting valid claims. No portion of the common fund will revert to Defendant. In addition, each Class Member asserting a valid claim will receive a one-year subscription to Nautilus's JRNY app or, for those Class Members already subscribed, a one-year extension. Under the proposed Settlement, Defendant has agreed to stop using certain horsepower representations in connection with the future sale and/or marketing of its treadmills.

For detailed information about the lawsuit and the Settlement, please see the Notice of Settlement and the Settlement Agreement, available at www.NautilusTreadmillSettlement.com.

**Am I a Settlement Class Member?**

Defendant's and/or a retailers' records indicate you may be a Settlement Class Member. These records reflect that you purchased a covered Treadmill during the class period, July 7, 2016 through _____.

If you do not opt out of the Settlement Class, you will be eligible to receive a payment and a subscription benefit under the Settlement. You must file a timely and valid claim, and during that process you may add or update your settlement payment information, including your mailing address, or select to receive payment via electronic means, at www.NautilusTreadmillSettlement.com.

**What Can I Get?**

If the Settlement is approved by the Court and you have filed a timely and valid claim, you will be entitled to a monetary payment. The exact amount of the payment will depend on a number of factors,

including the number of Class Members who can be located and make valid claims, the amount of attorneys' fees and expenses, the service award, and Court-approved administration costs. If there is a 20% claims rate, the payment per claimant is estimated to exceed $50.00. In addition to the monetary payment, you would be entitled to a one-year subscription to Nautilus's JRNY app, or for those Class Members already subscribed, a one-year extension of your current subscription. The one-year subscription is valued at approximately $150.00.

## How Would I Exclude Myself?

If you do not want to be a Settlement Class Member, you may exclude yourself from the Settlement Class by mailing a written notice to the Settlement Administrator received by _____, 2022. This would mean you would not receive a settlement payment, but you will retain your rights concerning the legal issue in the lawsuit. Detailed instructions on how to exclude yourself from the Settlement are available at www.NautilusTreadmillSettlement.com.

## What If I Do Not Agree with the Settlement?

If you do not exclude yourself, but do not like some aspect of the Settlement, you can also object. To object or appear before the Court to discuss your objection, you must file a written notice to the Court, and mail copies to counsel and the Settlement Administrator no later than _____, 2022. Instructions on how to object to the Settlement or appear before the Court can be found at www.NautilusTreadmillSettlement.com.

## Do I Have a Lawyer?

The Court has appointed lawyers from three law firms to serve as Class Counsel: Markovits, Stock & DeMarco, LLC, Hellmuth & Johnson PLLC, and Chestnut Cambronne PA. They will petition to be paid legal fees from the Settlement Fund not to exceed one third of the Settlement Fund, their reasonable expenses in pursuing the lawsuit not to exceed $75,000 and payment of a Class representative service award not to exceed $5,000. However, you may hire your own lawyer at your expense if you so choose.

## When Will the Court Consider the Settlement?

The Court will hold a final approval hearing on _____, 2022 at _____ a.m./p.m. at Joseph P. Kinneary U.S. Courthouse, Room 301, 85 Marconi Boulevard, Columbus, OH 43215. The hearing may be postponed to a later date without further notice and may occur via remote means such a teleconference or Zoom. Settlement Class Members should check www.NautilusTreadmillSettlement.com regularly for any changes to this date or method of attending. At that hearing, the Court will hear any objections concerning the fairness of the Settlement, decide whether to approve the Settlement, the requested attorneys' fees not to exceed one-third of the Settlement Fund, plus reasonable expenses not to exceed $75,000, the requested Class Representative payment not to exceed $5,000, and administration costs.

## How Do I Get More Information?

For more information, go to www.NautilusTreadmillSettlement.com, or contact the Settlement Administrator by email to info@NautilusTreadmillSettlement.com.

*Please Do Not Contact the Court for Information.*

To unsubscribe from this list, please click on the following link: Unsubscribe

# EXHIBIT

# D

*Robert Walker v. Nautilus, Inc.*
Case No. 2:20-cv-03414

# FREQUENTLY ASKED QUESTIONS
## BASIC INFORMATION

### 1. What is this lawsuit about?

The Plaintiff in this case filed a proposed class action lawsuit against the Defendant alleging that Nautilus made misrepresentations regarding the horsepower of its Bowflex, Nautilus, and Schwinn treadmills. Plaintiff alleges that the horsepower of these Treadmills when used at a consumer's home differed from what was advertised and that as a result Plaintiff paid more than he otherwise would have if he had known the horsepower was lower than represented.

Defendant Nautilus has at all times disputed, and continues to dispute, Plaintiff's allegations in the Lawsuit and denies any liability for any of the claims that have or could have been raised in the Lawsuit by Plaintiff or the Class Members. After considerable litigation, and substantial negotiation, the parties have arrived at a Settlement.

### 2. What is a class action?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. In this case, the class representative is Robert Walker. One court resolves the issues for all class members, except those who exclude themselves from the Class. The Honorable Edmund A. Sargus, United States District Judge for the Southern District of Ohio—Western Division, has jurisdiction over the case in which the parties have submitted this settlement for approval.

### 3. Why is there a settlement?

The Court did not decide in favor of the Plaintiff or Defendant. Instead, both sides agreed to a settlement. Through the settlement, Plaintiff and Defendant each avoid the substantial cost of protracted litigation and possibly even trial, and substantial settlement benefits go to the class members. The class representatives and their attorneys believe the Settlement is in the Class's best interest given the cost and risk of further litigation compared against the substantial benefits Class Members will receive.

### 4. I received a postcard in the mail. Why did I receive this?

If you received a direct notice either via postcard or by email containing a notice about this Lawsuit, you were identified as a potential Class Member who may be eligible to receive benefits under this Settlement.

The Court directed that a notice be sent to you because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.

The postcard and email notice are abbreviated notices. please review the longer Settlement Notice available at www.NautilusTreadmillSettlement.com) which explain the Lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. Please read the Notices carefully.

The United States District Court for the Southern District of Ohio—Western Division has jurisdiction over this proposed Settlement.

> **5. I did not receive a postcard in the mail but heard about this lawsuit from another source.**

Please review these FAQs for more information about who may be eligible to participate in this class action settlement. If you believe that you are a potential Class Member, please follow the instructions for submitting a Claim Form, which you may do electronically on the settlement website. If you are unable to file a claim online, you may also download a claim form from the important documents page of the settlement website and submit the claim by mail. Instructions for mailed submission are contained on the claim form.

If you are unsure whether you are a Class Member, you can contact the Settlement Administrator via email at info@naulilustreadmillsettlement.com, by mail to:

Nautilus Treadmill Settlement

1650 Arch St., Suite 2210

Philadelphia PA 19103

or toll-free at XXX-XXX-XXXX.

# WHO IS IN THE SETTLEMENT?

> **6. How do I know if I am part of the settlement?**

You may be a Class Member if you own a qualifying Bowflex, Nautilus, or Schwinn Treadmill purchased on or after July 7, 2016 until [DATE OF PRELIMINARY APPROVAL]

> **7. Who is not included in the class?**

The Class does not include Defendant and their officers, directors and employees; Class Counsel and their partners, associates, lawyers, and employees; and the judicial officers and their immediate family members and associated Court staff assigned to this case.

> **8. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can review the relevant court pleadings available on the Important Documents page of the Settlement Website at www.NautilusTreadmillSettlement.com for more information, or you can contact the Settlement Administrator, see FAQ 5 for contact information.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

> **9. What does the settlement provide?**

Settlement Class Members who submit a valid Claim Form as described in Question 10 will be eligible to receive benefits depending on their circumstances. Owners of qualifying Bowflex, Nautilus, or Schwinn Treadmills will be eligible to receive a *pro rata* share of the $4,250,000 common fund (after fees, expenses, and administration costs), and a one-year subscription to Nautilus's JRNY app. For those Class Members already subscribed to JRNY, a one-year extension to your subscription will be applied. Furthermore, the proposed Settled affords injunctive relief to the class in that Defendant has agreed to stop utilizing the continuous horsepower representations at issue in this case and to include additional information with any

horsepower representation published in connection with Defendant's future sale and/or marketing of its treadmills.

The settlement also provides for Attorney's Fees and Expenses, as well as settlement administration costs.

### 10.  How can I get the settlement benefits?

Eligible Class Members must submit a Claim Form in order to qualify for the pro rata share of the common fund and the one year JRNY subscription. Claim Forms must be submitted through the Settlement Website www.NautilusTreadmillSettlement.com no later than 11:59 PM ST on _____.  You may also complete and return the Claim Form attached to your postcard notice or print out a hard copy of the Claim Form from the Important Documents page of the Settlement Website, and mailing it to the Settlement Administrator at the address on the Claim Form with a postmark no later than _____.

The entire Claim Form must be filled out completely and meet the requirements of a valid Claim Form set forth in the Settlement Agreement in order for you to receive a benefit.

### 11.  When would I get my benefit?

The Court will hold a Settlement Fairness Hearing on _____ to decide whether to approve the Settlement. If Judge Sargus approves the settlement there may still be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for the Claim Forms to be processed.

### 12.  What am I giving up if I remain in the Class?

Unless you exclude yourself, you stay in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuits against Defendants about the legal issues in this case.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to be eligible for the share of the $4,250,000 common fund and the one-year subscription to JRNY, and you want to keep any right you may have to sue or continue to sue Defendant about the legal issues in this case, then you must take steps to remove yourself from the Class. This is called excluding yourself and sometimes referred to as "opting out" of the Class.

### 13.  How do I get out of the settlement?

To exclude yourself from the settlement, you may download an Opt Out Form available on the Important Documents page of the Settlement Website (www.NautilusTreadmillSettlement.com ) complete and sign the form and mail it to the Settlement Administrator.  You may also send a letter stating "I want to be excluded from the Settlement Class in Robert Walker v. Nautilus, Inc., Case No. 2:20-cv-03414." Your Opt Out Form or letter request for exclusion must be mailed to the Settlement Administrator at the below address and postmarked no later than _____.

[Address Block]

### 14. What is the effect if I exclude myself from this settlement?

If you request to be excluded, you will not receive a pro rata share of the common fund or the one-year JRNY subscription. Also, you cannot object to the settlement. You will not be legally bound by anything that happens in the Action. You may be able to sue Defendant in the future about the legal issues in the case.

### 15. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up your right to sue Defendant and other released parties for the claims that this settlement resolves. You must exclude yourself from this Class to pursue your own lawsuit. Remember, your exclusion request must be postmarked on or before _____.

### 16. If I exclude myself, can I receive the money or the JRNY subscription from the settlement?

No. If you exclude yourself, do not send in a Claim Form to ask for a share of the common fund and the one-year JRNY subscription. You may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendant and other released parties.

# THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

The Court appointed W.B. Markovits, Terence Coates, and Justin Walker of Markovits, Stock & DeMarco, LLC, Nathan Prosser of Hellmuth & Johnson, PLLC, and Bryan Bleichner and Jeffrey Bores of Chestnut Cambronne, to represent the Class as Class Counsel. You will not be charged for Class Counsel. The Court will determine the amount of Class Counsel's fees and costs, which will be paid from the Common Fund as part of the Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How will the lawyers be paid?

Class Counsel will request from the Court an award of attorneys' fees in the amount of one-third of the common fund, plus reimbursement for reasonable litigation expenses and costs totaling not more than $75,000. Class Counsel will also ask for a $5,000 service award to be paid to the Plaintiff serving as the class representative. Class Counsel's fees and costs, and the Service Award as awarded by the Court, will be paid from the common fund. You have the right to object to the requested fees and costs, and Service Award. The costs to administer the Settlement will also be paid from the common fund.

Class Counsel will file a Fee Application for an award of Attorneys' Fees and Expenses, including Administrative and Notice Expenses, no later than _____. Once filed, a copy of this Fee Application will be available on the Important Documents page of the settlement website (www.NautilusTreadmillSettlement.com ).

Class Members are not personally liable for any attorneys' fees or expenses.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

---

### 19.  How do I tell the Court if I don't like the settlement?

Any Class Member who does not submit a request for exclusion from the Class may object to the proposed Settlement, or Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. Objections must be in writing. To object to the Settlement, you must give reasons why you think the Court should not approve it. The Court will consider your views before making a decision. In order to have your objection considered, you or your attorney must mail the written objection to Class Counsel, Nautilus's Counsel, the Settlement Administrator, and the Court. Your objection must contain: (a) the full name, address, telephone number, and email address of the objector; (b) the serial number(s) for the objector's Treadmill; (c) a written statement of all grounds for the objection accompanied by any legal support for such objection; (d) copies of any papers, briefs, or other documents on which the objection is based; (e) a list of all cases in which the objector and/or objector's counsel had filed or in any way participated in—financially or otherwise—objection to a class action settlement in the preceding five years; (f) the name, address, email address, and telephone number of all attorneys representing the objector; (g) a statement indicating whether the objector and/or the objector's counsel intends to appear at the Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection; and (h) the objector's signature. Class Members who fail to make objections in the manner specified in this Section will be deemed to have waived any objections and will be foreclosed from making any objection to the Settlement or this Agreement (whether by appeal, collateral proceeding, or otherwise). You must mail your written objection to the following addresses:

Your objection must be filed with the Court no later than _____ and postmarked and mailed to the below parties no later than _____:

| Objections – Nautilus Settlement Administrator | Court |
|---|---|
| [Address Block] | Office of the Clerk<br>Joseph P. Kinneary U.S. Courthouse<br>Room 101<br>83 Marconi Boulevard<br>Columbus, OH 43215 |
| **Class Counsel** | **Defense Counsel** |
| Bill Markovits<br>Markovits, Stock & DeMarco, LLC<br>3825 Edwards Road, Suite 650<br>Cincinnati, OH 45209 | D. Jeffrey Ireland<br>Brian D. Wright<br>FARUKI PLL<br>110 North Main Street<br>Suite 1600<br>Dayton, OH 45202 |

---

### 20.  What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

## 21. When and where will the Court decide to approve the settlement?

The Court will hold a Settlement Fairness Hearing at ___ on _____ at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, OH 43215 in Courtroom 301. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections that were received by the deadline, the Court will then consider them. Judge Sargus will listen to people who have asked to speak at the hearing (see FAQ 23 below). After the Fairness Hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

## 22. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Sargus may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court and talk about it. As long as your written objection is timely filed with copies postmarked by _____, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 23. May I speak at the hearing?

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter to the Court stating that it is your "Notice of Intent to Appear at the Fairness Hearing in Robert Walker v. Nautilus, Inc., Case No. 2:20-cv-03414." Please also include the name, address, and telephone number of your attorney, if applicable. Your request must be mailed to the addresses listed in FAQ 19 above and postmarked no later than _____.

You cannot speak at the hearing if you exclude yourself.

# IF YOU DO NOTHING

## 24. What happens if I do nothing at all?

If you do nothing, you will not receive any benefits from this Settlement. Unless you exclude yourself from the Class, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuits against the Defendant or released parties about the legal issues resolved by this Settlement, ever again.

# GETTING MORE INFORMATION

## 25. Are there more details about the settlement?

More details regarding this Settlement appear in the Settlement Agreement. Copies of the Agreement and pleadings and other documents relating to the case are on file at the United States District Court for the Southern District of Ohio – Western Division and may be examined and copied at any time during regular office hours.

The Settlement Agreement and other relevant pleadings (including the postcard Notice and the longer Settlement Notice) are also available for review and download at www.NautilusTreadmillSettlement.com.

## 26. How do I get more information?

For more information, please visit the Settlement Website at www.NautilusTreadmillSettlement.com, where you can download and review relevant court pleadings, including the Claim Form and a copy of the Settlement Agreement. You may also contact the Settlement Administrator via email at info@naulilustreadmillsettlement.com, or by mail to:

Nautilus Treadmill Settlement

1650 Arch St., Suite 2210

Philadelphia PA 19103

or toll-free at XXX-XXX-XXXX.

**You should not direct question to the Court.**

1527105.1