UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT WALKER,**

      **Plaintiff,**

  v.

**NAUTILUS, INC.,**

      **Defendant.**

Case No. 2:20-cv-3414
Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth P. Deavers

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). (ECF No. 39.) The Court has reviewed the Motion and the Class Action Settlement Agreement and Release dated November 5, 2021 (the "Settlement Agreement" or "Agreement")[1] entered into by Plaintiff with Nautilus, Inc. ("Defendant" or "Nautilus"), and attached exhibits, and finds that the Motion should be **GRANTED**.

Accordingly, the Court **ORDERS** as follows:

1. The Court has jurisdiction over the subject matter of the above-captioned litigation (the "Litigation") and over all Parties to this Settlement, including, without limitation, the Settlement Class (as defined in Paragraph Four of this Order), to enter this Order.

2. The Settlement Agreement submitted with the Motion is preliminarily approved as fair, reasonable, and adequate. The Court finds that the Agreement was arrived at in good faith, following extensive arm's-length negotiations. The Court also finds that the terms of the

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Agreement attached to the Motion as Exhibit 2. (*See* Ex. 2, ECF No. 39-2.)

1

Agreement fall "within the range of possible approval" sufficient to warrant sending notice thereof to the Settlement Class defined in Paragraph Four of this Order. *See* Federal Judicial Center, *Manual for Complex Litigation* ("MCL 4th") § 21.632 (4th ed. 2004). This finding of reasonableness is subject to a final determination to be made after the Fairness Hearing set forth in Paragraph Eight of this Order.

3. Based upon the submissions of the Parties, and for purposes of the preliminary approval of the Settlement Agreement only, the Court finds as to the Settlement Class (defined in Paragraph Four of this Order) that: (a) the members of the Settlement Class are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class as to the reasonableness of the Settlement among other common issues in the Litigation, and such questions predominate over any questions affecting only individual members of the Settlement Class; (c) the Class Representative's claims and defenses asserted thereto are typical of the claims of members of the Settlement Class and the defenses asserted thereto; (d) the Class Representative and Class Counsel have fairly and adequately protected the interests of the members of the Settlement Class throughout this Litigation; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this Litigation, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action. Moreover, the Court has considered the factors set forth in Rule 23(e) and has concluded that preliminary approval and notice to the Settlement Class is appropriate and warranted.

4. The Court hereby preliminarily and conditionally approves, for settlement purposes, the following Settlement Class:

> **All Persons within the United States and its territories who: (a) purchased a Bowflex, Nautilus, or Schwinn treadmill from July 7, 2016 through the date of this Order, primarily for personal, family, or non-commercial purposes, and not for resale. Excluded from the Class are: Defendant and its officers and directors; Class Counsel and their partners, associates, lawyers, and employees; and the judicial officers and their immediate family members and associated Court staff assigned to this case.**

5. The Court preliminarily approves Plaintiff Robert Walker as the Class Representative of the Settlement Class.

6. The Court preliminarily approves Bill Markovits, Terence Coates and Justin Walker of Markovits, Stock & DeMarco, LLC, Nathan Prosser of Hellmuth & Johnson, PLLC, and Bryan Bleichner and Jeffrey Bores of Chestnut Cambronne, PA as Class Counsel for the Settlement Class.

7. The Court preliminarily approves Angeion Group as the Settlement Administrator.

8. A remote hearing (the "Fairness Hearing") shall be held before the Court on **April 20, 2022 at 10:00 A.M.** via GoToMeeting. Invitation information for the Fairness Hearing will be supplied to Class Counsel and the Settlement Administrator by the Court at least **twenty-one (21) days** prior to the hearing. The Fairness Hearing will be held for the following purposes:

   a. To determine whether to grant final approval as to (i) the certification of the Settlement Class, (ii) the designation of the Class Representative as the representative of the Settlement Class, (iii) the designation of Class Counsel as counsel for the Settlement Class, and (iv) the Settlement Agreement;

   b. To rule on Class Counsel's Fee Application; and

   c. To consider whether to enter the Final Approval Order.

9. The Court approves, as to form and content, the Short Form Settlement Notice, Long Form Settlement Notice, Publication Notice, and electronic Claim Form described in the Settlement Agreement and attached to the Motion as Exhibits 2A through 2D to the Motion. The

Court finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

10. The Complaint was commenced after February 18, 2005. The Court directs Nautilus, Inc. to timely notify, through the Settlement Administrator, the appropriate Federal and State officials under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715 (to the extent this has not already been done). Counsel for Nautilus, Inc. or the Settlement Administrator shall, at or before the Fairness Hearing, file with the Court proof of compliance with CAFA, 28 U.S.C. §1715.

11. The Settlement affords the following settlement benefits to Class Members:

   a. A non-reversionary $4,250,000.00 common fund from which pro rata settlement payments will be made to class members submitting a valid claim under the Settlement after the deduction of attorneys' fees, litigation expenses, settlement administration costs, and a class representative incentive award;

   b. A one-year subscription to Defendant's JRNY fitness app for any Class Member submitting a valid claim for such benefit under the Settlement; and,

   c. Injunctive relief in that Defendant has agreed to stop utilizing the continuous horsepower representations at issue in this case and to include a disclaimer to accompany any horsepower representation published in connection with Defendant's future sale and/or marketing of its treadmills.

12. The Settlement Administrator is hereby appointed, under the supervision of Class Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below:

   a. Within **fourteen (14) days** of the entry of this Order, Nautilus and its third-party retailers shall provide the Settlement Administrator with the Notice Data described in the Settlement Agreement.

      b.      Within **thirty-five (35) days** of receipt of the Settlement Administrator's receipt of the Notice Data, the Settlement Administrator shall: i) provide notice with pre-populated information to those Class Members identified through Notice Data, substantially in the form of the Long Form Notice attached as Exhibit A to the Agreement; ii) cause the Publication Notice, substantially in the form as presented to the Court, to be published as proposed, or as otherwise ordered by the Court; iii) establish a Settlement Website, including an electronic claim form that can be submitted by Class Members as well as other information relevant to the Class, including material Court submissions within two (2) days of filing. The date this notice process is completed shall constitute the "Notice Deadline."

      c.      No later than **fourteen (14) days** prior to the Fairness Hearing, Class Counsel shall file an affidavit or declaration with the Court demonstrating that all notice has been administered in a fashion consistent with CAFA, this Order, and the Settlement Agreement.

13.      To be entitled to make a claim under the Settlement, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Agreement, each Class Member shall take the following actions and be subject to the following conditions:

      a.      A properly executed electronic or hard copy Claim Form must be submitted to the Settlement Administrator **<u>no later than ninety (90) days after the Notice Deadline</u>**. Each Claim Form submitted via U.S. Mail shall be deemed to be submitted when received. Each Claim Form electronically submitted shall be deemed to be submitted when transmitted. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it is received. **Any Class Member who does not submit a Claim Form within the time limit provided shall be barred from receiving any benefit under the Agreement, unless otherwise ordered by the Court**. Notwithstanding the foregoing, Class Counsel shall have discretion to accept late-submitted claims for processing by the Settlement Administrator as they, in good faith, deem appropriate.

      b.      The Claim Form submitted by each Class Member must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph.

      c.      As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Settled Class Claims as provided in the Agreement.

14. Any Class Member may appear and show cause, if that Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an award of attorneys' fees and for reimbursement of expenses should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has delivered by hand or sent by first class mail sufficient written objections and copies of all papers and briefs any such person wishes to submit in support of any such objection delivered or post-marked **no later than sixty (60) days after the Notice Deadline** (the "Objection Deadline"). Objections shall be sent to <u>each</u> of the following addresses:

OFFICE OF THE CLERK
Joseph P. Kinneary U.S. Courthouse
Room 121
85 Marconi Boulevard
Columbus, Ohio 43215

MARKOVITS, STOCK & DEMARCO, LLC
W. B. Markovits
3825 Edwards Rd., Suite 650
Cincinnati, Ohio 45209
*Class Counsel*

FARUKI PLL
D. Jeffrey Ireland
110 North Main Street
Suite 1600
Dayton, OH 45402
*Counsel for Nautilus*

15. Any person who does not make his, her, or its objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court. Any papers in response to any such objections or in further support of the above-named motions shall be filed no later than **seven (7) days** prior to the Fairness Hearing.

16. Any Class Member wishing to make an appearance at the Fairness Hearing, including those who timely object to the approval of the Settlement Agreement, may enter an appearance individually, or, at their own expense, through counsel of their choice. Counsel appearing for an individual objecting Class Member must file with the Clerk of Court and deliver to Class Counsel and counsel for Nautilus a notice of such appearance **no later than sixty (60) days after the Notice Deadline**. If an objecting Class Member does not validly enter an appearance, they will be represented by Class Counsel.

17. The Settlement Administrator will be responsible for providing Settlement Class Members (objecting or otherwise) who wish to attend the Fairness Hearing with (i) a brief set of instructions on how to download the free GoToMeeting software (ii) the GoToMeeting address for the hearing and (iii) any other relevant information, including a procedure that informs attendees how to mute and unmute their devices before and during the video conference. The Settlement Administrator shall distribute this GoToMeeting information to all Class Members who wish to attend the Fairness Hearing no later than **fourteen (14) days** prior to the Fairness Hearing.

18. Class Members other than the Class Representative may opt out of the Settlement Agreement and therefore avoid its binding effect by submitting a valid Opt-Out Request to the Settlement Administrator **no later than 60 days after the Notice Deadline**. To be valid, an Opt-Out Request must contain the name, company name (if applicable), address, email address, telephone number, and serial number(s) or other identifying information of the Treadmill(s). Each Class Member seeking exclusion from the Settlement must personally sign the Opt-Out Request. No Opt-Out Request may be signed electronically. No Class Member may opt out by a request signed by an actual or purported agent or attorney acting on behalf of a group of Class Members. No Opt-Out Request may be made on behalf of a group of Class Members. Class Members who

do not submit a timely, personally signed, valid Opt-Out Request will be bound by the Settlement Agreement, if approved at the Fairness Hearing. Class Members who timely submit a valid, personally signed Opt-Out Request will have no further role in the Settlement and will not be bound by the potential approval of the Agreement; accordingly, such Class Members will not be permitted to assert an objection to the Settlement or this Agreement and will receive no benefit described in Section VI of the Settlement Agreement. The Settlement Notice, the Short Form Settlement Notice, the FAQ, and the Publication Notice will advise Class Members of their ability to opt out of the Settlement and of the consequences of opting out of the Settlement. Neither the Parties nor their counsel will solicit any Class Member to submit an Opt-Out Request.

19. All papers in support of the Settlement, and Class Counsel's Fee Application and request for expenses and Service Award, shall be filed at least **fourteen (14) days** prior to the Objection Deadline.

20. All Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement Agreement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Class and have not opted back in. The persons and entities who timely and validly requested exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit any Claim Forms, and shall not be bound by the Agreement or the Final Approval Order as to Nautilus in the class action.

21. Pending final determination of whether the Settlement Agreement should be approved, Class Counsel, Plaintiff and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Settled Class Claims against Nautilus.

22. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute evidence, or an admission by Nautilus that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of Nautilus. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement, and the Settlement shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

23. Any third-party retailers and/or distributor of the Treadmills must reasonably produce Class Member information to Class Counsel for the purpose of assisting Class Counsel in identifying and/or contacting to provide notice of this Settlement.

24. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Plaintiff and Nautilus, if appropriate, without further notice to the Class.

25. The Settlement Agreement, as preliminarily approved in this Order, shall be administered according to its terms pending the Fairness Hearing. Deadlines arising under the Agreement and this Order include, but are not limited to, the following:

    a. **Notice Data**: Notice Data shall be sent by Defendant and all relevant third-party retailers to the Settlement Administrator within fourteen (14) days of the entry of this Order.

    b. **Notice Deadline**: No later than thirty-five (35) days after the Settlement Administrator receives the Notice Data.

    c. **Motion for Final Approval of Settlement**: At least fourteen (14) days prior to the Objection Deadline.

    d. **Motion for Attorney's Fees, Reasonable Costs and Expenses, and Service Award**: At least fourteen (14) days prior to the Objection Deadline.

    e. **Opt-Out, Objection, and Appearance Deadlines**: Sixty (60) days after the Notice Deadline.

    f. **Claims Deadline**: Ninety (90) days after the Notice Deadline.

    g. **GoToMeeting Information Provided to Class Counsel and Settlement Administrator**: At least twenty-one (21) days prior to the Fairness Hearing.

    h. **GoToMeeting Information Provided by Settlement Administrator to Class Members Who Wish to Attend or Appear at the Fairness Hearing**: At least fourteen (14) days prior to the Fairness Hearing.

    i. **Proof of Notice Administration**: At least fourteen (14) days prior to the Fairness Hearing.

    j. **Class Counsel's Response to Objections**: At least seven (7) days prior to the Fairness Hearing.

    k. **Fairness Hearing**: Wednesday, April 20, 2022 at 10:00 A.M via GoToMeeting.

**IT IS SO ORDERED.**

**11/16/2021**                                               **s/Edmund A. Sargus, Jr.**
**DATE**                                                        **EDMUND A. SARGUS, JR.**
                                                                     **UNITED STATES DISTRICT JUDGE**