UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROBERT WALKER,** on behalf of himself and all others similarly situated, | : <br> : <br> : **Case No. 2:20-cv-3414** <br> : <br> Plaintiff,     :    **Judge Edmund A. Sargus Jr.** <br> : <br> v.               :    **Magistrate Judge Elizabeth A. Preston** <br> :    **Deavers** <br> **NAUTILUS, INC.,**      : <br> : <br> Defendant.    : |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARD

Pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), Plaintiff Robert Walker ("Plaintiff"),[1] on behalf of himself and the Settlement Class ("Plaintiffs"), respectfully moves this Court to enter the proposed Order attached as Exhibit 1 to Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement. The requested Order would approve the following distributions from the Common Fund: (1) attorneys' fees to Class Counsel in the amount of $1,416,666.67 (one-third of the Common Fund); (2) $5,561.05 in litigation expenses that Class Counsel incurred in connection with this action; (3) $120,000 in Administrative and Notice Expenses associated with the Settlement (minus amounts already paid); and (4) a Class Representative Service Award in the amount of $5,000 to Plaintiff. Class Counsel consulted with counsel for Defendant before filing this Motion and determined that this Motion is unopposed, consistent with the Settlement (Doc. 39-2). The grounds for the Court's potential granting of this unopposed Motion are included in the accompanying memorandum.

---

[1] Capitalized terms not defined herein are as stated in the Class Action Settlement Agreement and Release ("Agreement") dated November 5, 2021 (Doc. 39-2).

1

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS

## I.   INTRODUCTION

Plaintiff and Class Counsel submit the proposed distribution of fees, expenses, and service award based upon the successful pursuit and resolution of a complicated consumer class action.[2] The case was complicated by the fact that there was no assertion of a "defect" in the treadmills, nor was there an assertion that the treadmills failed to perform adequately. Plaintiff asserted that Defendant Nautilus, Inc.'s ("Defendant" or "Nautilus") treadmills could not perform at the horsepower represented, which would require both a battle of technical experts on liability and a complex conjoint analysis to establish damages. Defendant asserts that its horsepower representations are not misleading, and because there was no failure in expected performance, there is no claim. (Doc. 33). Defendant appealed the denial of its motion to compel arbitration, and its motion to dismiss or strike is still pending.

Given the difficulty of the case and its procedural setting, the settlement is an outstanding result for Class Members. Each Class Member making a claim will be entitled to a *pro rata* share of the Common Fund remaining after fees, expenses, and service awards. Even if the claims rate reaches 20%, these payments would be expected to be in excess of $50. There will undoubtedly be a significant number of claims nearer the end of the May 2, 2022 Claims Deadline, but if the claims were cut off today the payment to each Class Member would be in excess of $250.00. In addition, each Class Member may claim a one-year subscription or subscription extension to JRNY—a fitness app—valued at approximately $150.

---

[2] Detail surrounding the claims, defenses and procedural history may be found in Plaintiff's Motion for Preliminary Approval (Doc. 39) and will not be repeated here.

Class Counsel are not seeking fees based upon the class benefit and value of the JRNY apps claimed, but solely based upon the Common Fund. A fee of one-third of the Common Fund is reasonable and well within the standards for fees within the Sixth Circuit. A lodestar cross-check, though optional, supports the requested fees as well.

The requested expenses and Service Award are reasonable and typical for a case such as this. Accordingly, Plaintiff and Class Counsel respectfully request that the Court approve the requested distributions.

## II. FACTUAL BACKGROUND

### A. Litigation and Settlement

On July 7, 2020, proposed Class Representative Robert Walker filed a complaint against Defendant Nautilus, Inc. alleging that Nautilus made misrepresentations regarding the horsepower attributes in the advertising, marketing and sale of its treadmills sold under the brand names Nautilus, Schwinn and Bowflex. (Doc. 1, Complaint). Plaintiff and Class Counsel have thoroughly reviewed and analyzed this case, including but not limited through informal discovery, discussions with experts in electrical engineering and price premium damage analysis, and review of applicable nationwide and Ohio law. (Doc. 52-2, Declaration of W.B. Markovits, ("Markovits Decl.") ¶ 4).

Following denial of Defendant's motion to compel arbitration before this Court (consideration of Defendant's motion to strike or dismiss was held in abeyance), and while an appeal was pending in the Sixth Circuit on that issue, the Parties held a mediation conference with Sixth Circuit mediator John A. Minter. *Id.*, ¶ 7. The Parties subsequently engaged in multiple and ongoing arms' length mediation conferences under the guidance and supervision of Mr. Minter,

beginning on June 28, 2021 and ending on September 8, 2021, as well as in continued email exchanges and discussions between formal mediation sessions. *Id.*

On October 11, 2021, the Parties filed a joint motion for an indicative ruling asking whether the Court would evaluate a proposed settlement and conduct a fairness hearing. (Doc. 36). Following grant of this motion, on November 5, 2021, Plaintiff Robert Walker filed an unopposed motion for preliminary approval, supported in part with a settlement agreement between the parties effective as of that date. (Doc. 39). On November 16, 2021, this Court granted preliminary approval, setting in motion the notice and claims process to the Class. (Doc. 41).

As of March 16, 2022, there have been 9,184 claims. (Doc. 50-3, Declaration of Denise Earle, ¶ 18).

**III.     ARGUMENT**

    **A.     The Court Should Approve the Requested Attorneys' Fees Based Upon the Percentage of the Fund Method.**

The "common fund doctrine," or percentage-of-recovery method, has been recognized by the Sixth Circuit as an appropriate formula by which to calculate attorneys' fees in common fund cases. *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-CV-1061, 2013 WL 2295880, at *6 (S.D. Ohio May 24, 2013) (citing *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)); *see also Dillow v. Home Care Network, Inc.*, No. 1:16-cv-612, 2018 WL 4776977, at * 4 (S.D. Ohio Oct. 3, 2018) (recognizing percentage of fund as preferred method over lodestar for common fund). When using the percentage method, "courts in this Circuit generally approve of awards that are 1/3 of the total settlement." *Borders v. Alternate Sol. Health Network, LLC*, No. 2:20-CV-1273, 2021 WL 4868512, at *4 (S.D. Ohio May 17, 2021).

In evaluating the reasonableness of the requested fee award, the Sixth Circuit requires district courts to consider the six "*Ramey*" factors:

4

(1) The value of the benefits rendered to the class;

(2) Society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;

(3) Whether the services were undertaken on a contingency fee basis;

(4) The value of the services on an hourly basis (the lodestar cross-check);

(5) The complexity of the litigation; and,

(6) The professional skill and standing of the counsel on both sides.

*Johnson*, 2013 WL 2295880, at *6 (citing *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)).

B.  **All *Ramey* Factors Weigh in Favor of the Requested Fee.**

Class Counsel's request for fees in the amount of one-third of the Common Fund is consistent with the Settlement Agreement (Doc. 39-2 at Page IDs 471, 485) as well as the Court-approved Notices. No Class Member has objected to Class Counsel's request, which is well within the range of reasonableness and should be approved. And, as discussed below, all *Ramey* factors support the requested fee.

1.  **The Value of the Benefits to the Class**

Class Counsel's efforts resulted in a Settlement with a substantial, $4.25 million non-reversionary Common Fund.[3] After deductions for fees, costs and a Service Award, even at a high claims rate of 20% the estimated payment per Class Member would be in excess of $50. Markovits Decl., ¶ 8. Based on the current claims, each Class Member would receive in excess of $250.00.

---

[3] The Settlement also provides for a one-year subscription to JRNY – a fitness app – valued at $150, for each valid claim. Because the requested fees are supported based solely on the Common Fund alone, and consideration of the subscription benefit raises possible issues under CAFA with respect to fees, Class Counsel's fee request does not take into consideration this substantial class benefit.

5

Given that the deadline for claims is not until May 2, 2022, and it is typical for there to be a surge of claims surrounding the deadline, this number will decrease as the claims increase. But the payment per Class Member in this case would still be projected at over $150.00. Markovits Decl., ¶ 17. This payment is in the range of the price premium damages that Class Members would seek at trial. *Id.*, ¶ 18. This factor supports the requested fee.

### 2. Society's Stake in Rewarding Attorneys

Class Counsel was able to make monetary relief available for an estimated 200,000 consumers who purchased treadmills from Defendant. Without this lawsuit, the vast majority of these consumers would likely not have been aware that they were charged a price premium, and in any case would be unlikely to make an individual claim. Class actions such as this "have a value to society more broadly, both as deterrents to unlawful behavior—particularly when the individual injuries are too small to justify the time and expense of litigation—and as private law enforcement regimes that free public sector resources." *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 287 (6th Cir. 2016). This factor supports the requested fee.

### 3. The Case was Taken on a Contingency Basis

Class Counsel took this case on a contingency fee basis, and therefore "undertook the risk of not being compensated, a factor that cuts significantly in favor of awarding them a significant recovery here." *Carr v. Guardian Healthcare Holdings, Inc.*, No. 2:20-CV-6292, 2022 WL 501206, at *10 (S.D. Ohio Jan. 19, 2022) (citing *Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012)); Markovits Dec., ¶ 16. This factor supports the requested fee.

### 4. The Lodestar Cross-Check

When using the percentage method, a lodestar cross-check is optional. *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2019 WL 6485159, at *7 (S.D. Ohio Dec. 3, 2019). Were the Court to apply a cross-check, however, it also supports the requested fee. Class Counsel have in the aggregate billed 969.1 hours, for a lodestar of $627,988.00. See Markovits Dec., ¶ 22. Class Counsel will continue to spend time on this matter: responding to objections, if any; addressing appeal issues, if any; and overseeing settlement administration, including responding as necessary to Class Member inquiries. Markovits Decl., ¶ 28. *See Arp v. Hohla & Wyss Enterprises, LLC*, No. 3:18-CV-119, 2020 WL 6498956, at *7 (S.D. Ohio Nov. 5, 2020) (recognizing that Class Counsel's work does not end at final approval). But even at the current lodestar, the fee represents a multiplier of 2.26, which is well within the range of reasonableness on a common fund settlement within this Circuit. Because of the inherent risks of litigation, courts in this district award multipliers of "between approximately 2.0 and 5.0." *See Koenig v. USA Hockey, Inc.*, No. 2:09-cv-1097, 2012 WL 12926023, at *10 (citing *In re Broadwing, Inc. ERISA Litg.*, 252 F.R.D. 369, 381 (S.D. Ohio 2016)). The 2.26 multiplier falls well within the reasonable range. *See Dillow v. Home Care Network, Inc.*, No. 1:16-cv-612, 2018 WL 4776977, at *7 (S.D. Ohio Oct. 3, 2018) (citing *Lowther v. AK Steel Corp.*, No. 1:11-cv-877, 2012 WL 6676131, at *5 (S.D. Ohio Dec. 21, 2012) (approving 3.06 multiplier and citing cases with multipliers ranging from 4.3 to 8.5)); *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 767 (S.D. Ohio 2007) (approving multiplier of 5.9). Class Counsels' hours were reasonably expended, and their hourly rates are in the ranges previously approved by courts, including this Court, for complex class action litigation. Markovits Decl., ¶ 21; Prosser Decl., ¶ 4; Bleichner Decl., ¶ 4. *See Dillow*, 2018 WL

4776977, at *7 (concluding that $675 for a senior attorney and between $250 and $400 for additional attorneys was reasonable). This factor supports the requested fee.

### 5. The Complexity of the Litigation

Generally, "[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *Ganci*, 2019 WL 6485159, at *3 (quoting *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018)) (quotation omitted). This case is no exception. In fact, typical class action complexity is amplified by the nature of the case. Plaintiff brings a difficult product mislabeling case, where there is no allegation of a defect, where liability will depend upon competing views (supported by experts) as to whether horsepower was misrepresented, and where damages will depend upon analysis of a price premium using a complex conjoint analysis (again supported by experts) also likely to be the subject of dispute. *See*, *e.g.*, *Hawes v. Macy's Stores W., Inc.*, No. 1:17-CV-754, 2022 WL 194407 (S.D. Ohio Jan. 22, 2022) (including extensive discussion of multiple attacks by defendant regarding plaintiff's price premium theory). This factor supports the requested fee.

### 6. Skill and Standing of Counsel

As a court in an analogous treadmill case recently found at a class certification involving two of the Class Counsel firms involved here, Class Counsel "are knowledgeable in the applicable law and highly experienced in litigating class actions and other complex matters." *Bechtel v. Fitness Equip. Servs., LLC*, 339 F.R.D. 462, 486 (S.D. Ohio 2021). This is true of all Class Counsel. Markovits Decl, ¶ 25; Prosser Decl., ¶ 4; Bleichner Decl., ¶ 4.

Defense counsel, Faruki PLL, was recently nominated for Ohio Firm of the Year by Benchmark Litigation and the attorneys primarily involved – Jeff Ireland and Brian Wright – both are highly skilled with extensive class action experience. *See* www.ficlaw.com.

The skill and standing of counsel "on both sides" of the litigation supports the requested fee. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 538 (E.D. Mich. 2003).

### C. The Requested Fees are Comparable to Fees Awarded in Similar Common Fund Cases

Finally, although not one of the *Ramey* factors, comparing the fees requested in this matter to fees awarded in similar common fund cases further supports the reasonableness of Class Counsel's request. An award of one-third of a common fund is well within the range of fees approved in class actions within the Sixth circuit, including this Court. *See, e.g., Karpik v. Huntington Bancshares Inc.*, No. 2:17-CV-1153, 2021 WL 757123, at *9 (S.D. Ohio Feb. 18, 2021) (approving one-third fee of common fund); *Garner Properties & Mgmt., LLC v. City of Inkster*, No. 17-CV-13960, 2020 WL 4726938, at *10 (E.D. Mich. Aug. 14, 2020) (same); *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-CV-1677, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020) (Sargus, J.) (same); *Hosp. Authority of Metropolitan Gov't of Nashville v. Momenta Pharms., Inc.*, No. 3:15-CV-01100, 2020 WL 3053468, at *1 (M.D. Tenn. May 29, 2020) (same); *Johansen v. One Planet Ops, Inc.*, No. 2:16-CV-00121, 2020 WL 7062806, at *4 (S.D. Ohio Mar. 25, 2020) (same); *Allan v. Realcomp II, Ltd.*, No. 10-CV-14046, 2014 WL 12656718, at *2 (E.D. Mich. Sept. 4, 2014) (same).

### D. The Court Should Award Class Counsel's Out-of-Pocket Expenses, Authorize Settlement Administration Costs, and Approve the Requested Service Award

The long form Notice and FAQs state that Class Counsel will seek litigation expenses not to exceed $75,000. (Doc. 39-2 at PageIDs 499, 515). Class Counsel seek reimbursement of

$5,561.05 for out-of-pocket costs incurred in litigation, all of which they advanced with the risk of no recovery. (Markovits Decl, ¶ 20). These expenses include costs related to filing fees, copy costs and research. *Id.* All of these costs were reasonable and necessary in connection with litigation and resolving this case and are reimbursable. *See Feiertag v. DPP Holdings, LLC*, 14-cv-2643, 2016 WL 4721208, at *8 (S.D. Ohio Sept. 9, 2016) (approving reimbursement of costs for court-filing fees, legal research, photocopies, postage, process service, and travel and accommodation for mediation) (citing *In re Packaged Ice Antitrust Litig.*, 2012 WL 5493613, at *8 (E.D. Mich. Nov. 13, 2012)). The requested costs are reasonable, were necessary to achieve the Settlement, and should be approved.

The Settlement Agreement states that the Settlement Administrator will advance from the Common Fund up to $250,000 for Administration and Notice Expenses, the balance of which will be paid out of the Common Fund. (Doc. 39-2 at Page ID 480). Class Counsel received bids from three settlement administrator firms, ultimately choosing Angeion – the middle bid – because all Class Counsel felt comfortable with both the bid and the company and wanted to avoid possible administration problems down the road. Markovits Decl., ¶ 9. Angeion provided a firm, fixed-price bid slightly higher than the $120,000 to which it has now agreed. *Id*., ¶ 9. It has already received an advance of $32,413.21 pursuant to the Settlement Agreement and is owed an additional $87,586.79 from the Common Fund.

Finally, Class Counsel request that the Court approve a Service Award to Class Representative Robert Walker in the amount of $5,000. (Doc. 39-2 at Page IDs 484, 499). Defendant does not oppose this request, and Class Members have been put on notice that this amount would be requested and have not objected. *Id*. Providing class representative service awards is "an efficacious way of encouraging members of a class to become class representatives

and rewarding individual efforts taken on behalf of the class." *Feiertag*, 2016 WL 4721208, at *8 (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)).

Mr. Walker has taken an active part in the litigation, including involvement in the ultimately successful mediation efforts. Markovits Dec., ¶ 35. The modest service award requested here reflects compensation for Mr. Walker's time and effort in prosecuting the claims asserted in this action. It is well within the range of awards approved in this Circuit and represents a small reduction in the $4.25 million Common Fund. *See, e.g., Graybill v. Petta Enters., LLC*, No. 2:17-cv-418, 2018 WL 4573289, at *8-9 (S.D. Ohio Sept. 25, 2018) (approving service award of $5,500 to the named plaintiff from a $97,500 settlement); *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *8 (S.D. Ohio Aug. 17, 2018) (approving service awards of $5,000 each to two named plaintiffs from a $600,000 settlement); *Johnson*, 2013 WL 2295880, at *5 (approving $12,500 enhancement award to the named plaintiff from a $452,380 settlement); *Dillworth v. Case Farms Processing*, *Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (approving enhancement awards of $6,000 and $4,000 to the two named plaintiffs in hybrid FLSA and Rule 23 class action).

**IV.     CONCLUSION**

For all of the foregoing reasons, Class Counsel respectfully requests that the Court grant Plaintiff's Motion for Attorneys' Fees, Expenses, and Class Representative Service Award.

.                                              Respectfully submitted,

*/s/ W.B. Markovits*
W.B. Markovits (0018514)
Terence R. Coates (0085579)
Justin C. Walker (0080001)
MARKOVITS, STOCK & DEMARCO, LLC
3825 Edwards Road, Suite 650

Cincinnati, OH 45209
Phone: (513) 651-3700
Fax: (513) 665-0219
*bmarkovits@msdlegal.com*
*tcoates@msdlegal.com*
*jwalker@msdlegal.com*

Nathan D. Prosser (*pro hac vice*)
HELLMUTH & JOHNSON, PLLC
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
Fax: (952) 941-2337
*nprosser@hjlawfirm.com*

Bryan L. Bleichner (*pro hac vice*)
Jeffrey D. Bores (*pro hac vice*)
CHESTNUT CAMBRONNE, PA
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Fax: (612) 336-2940
*bbleichner@chestnutcambronne.com*
*jbores@chestnutcambronne.com*

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *W.B. Markovits*
W. B. Markovits (0018514)