UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT WALKER,**

      **Plaintiff,**

      v.

**NAUTILUS, INC.,**

      **Defendant.**

Case No. 2:20-cv-3414
Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter came before the Court for hearing pursuant to the Court's November 16, 2021 Order Granting Preliminary Approval of Class Action Settlement (Doc. 41), on the motions of Plaintiff and Class Representative Robert Walker and the Class of Plaintiffs he represents (collectively, "Plaintiffs") for: 1) final approval of the Class Action Settlement; and 2) fees, expenses and a Service Award as set forth in the Class Action Settlement Agreement and Release dated November 5, 2021 ("Settlement") entered into with Defendant Nautilus, Inc. This Court held a fairness hearing on June 21, 2022 to determine whether to give final approval to the Settlement, and to determine the reasonableness of Class Counsel's requested attorneys' fee and litigation expenses, as well as the requested Service Award for the Class Representative. Having considered all papers filed and proceedings held herein, and having received declarations attesting to the publication of the Notice, and good cause appearing therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED**:

    1.    This Order incorporates by reference the definitions in the Settlement and all terms used herein shall have the same meaning as set forth in the Settlement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Order as if set forth herein.

2. The Court has jurisdiction over the subject matter of the Settlement and all parties in this matter.

3. The Court finds that due and adequate notice was given in early 2021 to the potential class members of their right to be excluded from the Class. The Court further finds that because all potential class members previously received the Court-approved class certification notice and were afforded the opportunity to be excluded from the Class, the parties need not provide potential class members a second opportunity to be excluded from the Class.

4. The Court finds that due and adequate notice was given of the Settlement, the plan of allocation of the Settlement benefits, Class Counsel's request for attorneys' fees and reimbursement of litigation expenses as well as a Service Award for the Class Representative, and that the forms and methods for providing such notice to the Class:

    a. constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort;

    b. was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) their right to object to any aspect of the proposed Settlement, including the terms of the Settlement; (ii) their right to appear at the Settlement Fairness Hearing, either on their own or through counsel hired at their own expense, if they were not excluded from the Class; (iii) the amount of attorneys' fees, litigation expenses, administration expenses, and Class Representative Service Awards requested in the Settlement; and (iv) the binding effect of the proceedings, rulings, orders and judgment in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Class;

    c. was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with such notice; and

      d.      fully satisfied all the applicable requirements under Fed. R. Civ. P. 23, due process, and all other applicable laws.

      5.      The Class excludes those persons or entities who timely and validly filed a request for exclusion from the Class under the Court-approved notice sent to the Class in early 2021. Persons or entities who timely filed complete and valid requests for exclusion from the Class and who have not availed themselves of the opportunity to opt back into the Class are not bound by this Order or the terms of the Settlement, and may pursue their own individual remedies against Defendant, to the extent they have standing to do so. Such persons or entities are not entitled to any rights or benefits provided to the Class Members under the Settlement.

      6.      Under Fed. R. Civ. P. 23(e), this Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs. Accordingly, the Settlement is approved in all respects and shall be consummated in accordance with its terms and conditions.  Plaintiff and Defendant are hereby **DIRECTED** to perform the terms of the Settlement, and the Clerk of the Court is **DIRECTED** to enter and docket judgment in this action.

      7.      This Court hereby **APPROVES** the plan of allocation as set forth in the Notice as fair and equitable. The Court directs Class Counsel and The Angeion Group ("Angeion"), the claims administrator, to proceed with processing Claims and the administration of the Settlement under the terms of the Settlement and, upon completion of the claim processing procedure, to present to this Court a proposed final distribution order for the distribution of the remaining Settlement funds, if any.

      8.      Defendant is hereby released and forever discharged from any and all of the Settled Class Claims and Released Claims. All Class Members are hereby forever barred and enjoined

from asserting, instituting or prosecuting, directly or indirectly, any of the Settled Class Claims in any court or other forum against any of the Released Parties, regardless of whether or not such Class Member executes a Claim Form.  All Class Members are bound by the Settlement and hereby are forever barred and enjoined from taking any action in violation of the Settlement.

9. The Court hereby **DISMISSED WITH PREJUDICE** this Action and all of Plaintiffs' claims against Defendant. Plaintiffs and Defendant shall bear their own fees and costs.

10. Neither the Settlement nor any act performed or document executed under or in furtherance of the Settlement: (a) is or may be deemed or may be used as an admission of, or evidence of, the validity of any of Plaintiffs' claims against Defendant; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Settlement and any other documents executed in connection with the performance of the agreement embodied therein. Defendant may file the Settlement and/or this Order in any action that may be brought against it in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. This Court, also having considered Plaintiff's Motion for Attorneys' Fees, Expenses, and Class Representative Service Award, hereby:

    a. concludes that Class Counsel's requested fee award equal to one third of the Common Fund, or $1,416,666.67, is fair and reasonable and may be deducted from the Common Fund and paid in accordance with the Settlement;

b. concludes that Class Counsel's requested reimbursement of litigation expenses of $5,561.05, is fair and reasonable, and that the settlement administration expenses of Angeion, in the amount of $120,000, were reasonable and necessary in the prosecution of this Action on behalf of the Class, and may be deducted from the Common Fund and paid in accordance with the Settlement;

c. concludes that the Service Award of $5,000 for the Class Representative is fair and reasonable, and necessary to compensate the Class Representative for his time and effort and the risk he undertook in pursuing this Action, and may be deducted from the Common Fund and paid in accordance with the Settlement.

12. Without affecting the finality of this Order in any way, this Court hereby **RESERVES** and **RETAINS** continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Common Fund; (b) disposition of the Common Fund; (c) payment of taxes by the Common Fund; and, (d) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

13. Neither appellate review, nor modification of the plan of allocation set forth in the Settlement, nor any action in regard to the award of Class Counsel's attorneys' fees and reimbursement of litigation expenses, payment or administration expenses, or incentive awards to Class Representatives, shall affect the finality of any other portion of this Order, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Order.

14. In the event that the Settlement does not become Final in accordance with the terms of the Settlement or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in

such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement.

15. This Order applies to all claims asserted in this Action. This Court finds, for purposes of Fed. R. Civ. P. 54(b), that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

In light of the foregoing, the Court **GRANTS** Plaintiff's unopposed Motion for Final Approval of Class Action Settlement (ECF No. 50) and unopposed Motion for Attorney's Fees, Expenses, and Class Representative Service Award (ECF No. 51).

This case shall be closed on the docket of this Court.

**IT IS SO ORDERED.**

<u>6/27/2022</u>                                                       <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                                                  **EDMUND A. SARGUS, JR.**
                                                                                  **UNITED STATES DISTRICT JUDGE**